**Click here to Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries ⌄

**06/16/2025**

**Family Member/Roommate Served**

Document ID - 25-SMCC-427; Served To - EMMANUEL WILBOURN; Served Date - 06/11/2025; Served Time - 09:05:00; Service Type - SP; Reason Description - SERV; Service Text -Served to Dusty Winkler Spouse/Resident

**Corporation Served**

Document ID - 25-SMCC-426; Served To - CITY OF BELTON; Served Date - 06/11/2025; Served Time - 09:35:00; Service Type - SP; Reason Description - SERV; Service Text -Served to Julia Porter - Deputy City Clerk

**Corporation Served**

;Updated Service Text - Served to Julia Porter - Deputy City Clerk; Updated Service Text - Document ID - 25-SMCC-425; Served To - JAMES PERSON; Served Date - 06/11/2025; Served Time - 09:33:22; Service Type - SP; Reason Description - SERV; Service Text -Served to Julia Porter - Deputy City Clerk

**Summ Req-Circuit Pers Serv**

Return of Service; Electronic Filing Certificate of Service.

    **Filed By:** NICHOLAS JUSTIN DUDLEY

    **On Behalf Of:** NATASHA MCGREW

**Summ Req-Circuit Pers Serv**

Return of Service; Electronic Filing Certificate of Service.

    **Filed By:** NICHOLAS JUSTIN DUDLEY

    **On Behalf Of:** NATASHA MCGREW

**Case Review Held**

Plaintiff appears by Counsel Nicholas Dudley. Defendants appear not. Court notes service made and schedules Case Review on August 18, 2025, at 9:00 a.m. SJL/tf

    **Associated Entries: 05/06/2025 - Case Review Scheduled** +

    Scheduled For: 06/16/2025; 9:00 AM; STACEY LETT; Cass

**06/09/2025**

**Order - Special Process Server**

**Motion Special Process Server**

Motion to Appoint Special Process Server; Proposed Order; Electronic Filing Certificate of Service.

    **Filed By:** NICHOLAS JUSTIN DUDLEY

    **On Behalf Of:** NATASHA MCGREW

**06/04/2025**

**Alias Summons Issued**

Document ID: 25-SMCC-427, for WILBOURN, EMMANUEL

**Alias Summons Issued**

Document ID: 25-SMCC-426, for CITY OF BELTON

**Alias Summons Issued**

Document ID: 25-SMCC-425, for PERSON, JAMES

**Summons Returned Non-Est**

Document ID - 25-SMCC-48; Served To - EMMANUEL WILBOURN; Served Date - 06/04/2025; Served Time - 16:22:00; Service Type - SP; Reason Description - NEST; Service Text -

**Summons Returned Non-Est**

Document ID - 25-SMCC-47; Served To - CITY OF BELTON; Served Date - 06/04/2025; Served Time - 16:20:29; Service Type - SP; Reason Description - NEST; Service Text -

**Summons Returned Non-Est**

Document ID - 25-SMCC-46; Served To - JAMES PERSON; Served Date - 06/04/2025; Served Time - 16:19:17; Service Type - SP; Reason Description - NEST; Service Text -

**Notice of Service**

Summons Returned Non-Est; Electronic Filing Certificate of Service.

    **Filed By:** NICHOLAS JUSTIN DUDLEY

    **On Behalf Of:** NATASHA MCGREW

**Notice of Service**

Summons Returned Non-Est; Electronic Filing Certificate of Service.

    **Filed By:** NICHOLAS JUSTIN DUDLEY

    **On Behalf Of:** NATASHA MCGREW

**Notice of Service**
Summons Returned Non-Est; Electronic Filing Certificate of Service.
    **Filed By:** NICHOLAS JUSTIN DUDLEY
    **On Behalf Of:** NATASHA MCGREW
**Alias Summons Requested**
Request for Alias Summons; Electronic Filing Certificate of Service.
    **Filed By:** NICHOLAS JUSTIN DUDLEY
    **On Behalf Of:** NATASHA MCGREW

**05/06/2025**
    **Case Review Scheduled**
If no service/no steps moving forward, court will dismiss.
    **Associated Entries: 06/16/2025 - Case Review Held   +**
    **Scheduled For:** 06/16/2025; 9:00 AM; STACEY LETT; Cass
    **Hearing Held**
Plaintiff appears by counsel Nicholas Dudley. Court takes up case review. Plaintiff must obtain service and make steps going forward or court will dismiss the case for want of prosecution. Case review set for June 16, 2025, at 9:00 a.m. SJL/tf
    **Associated Entries: 02/03/2025 - Case Review Scheduled**
    **Scheduled For:** 05/06/2025; 9:00 AM; STACEY LETT; Cass

**02/03/2025**
    **Case Review Scheduled**

    **Associated Entries: 05/06/2025 - Hearing Held   +**
    **Scheduled For:** 05/06/2025; 9:00 AM; STACEY LETT; Cass
    **Case Review Held**
Plaintiff appears by Counsel Nicholas Dudley. Court takes up case review and notes issuance of new summonses. Cause continued for case review to May 6, 2025, at 9:00 a.m. SJL/tf
    **Scheduled For:** 02/03/2025; 9:00 AM; STACEY LETT; Cass

**01/22/2025**
    **Alias Summons Issued**
Document ID: 25-SMCC-48, for WILBOURN, EMMANUEL
    **Alias Summons Issued**
Document ID: 25-SMCC-47, for CITY OF BELTON
    **Alias Summons Issued**
Document ID: 25-SMCC-46, for PERSON, JAMES
    **Order - Special Process Server**
    **Summons Returned Non-Est**
Document ID: 22-SMCC-595; Served To - CITY OF BELTON; Served Date - 01/22/2025; Served Time - 09:46:26; Service Type - OT; Reason Description - NEST; Service Text -NON EST
    **Summons Returned Non-Est**
Document ID: 22-SMCC-596; Served To - JAMES PERSON; Served Date - 01/22/2025; Served Time - 09:45:37; Service Type - OT; Reason Description - NEST; Service Text -NON EST
    **Summons Returned Non-Est**
Document ID: 22-SMCC-593; Served To - EMMANUEL WILBOURN; Served Date - 01/22/2025; Served Time - 09:44:27; Service Type - OT; Reason Description - NEST; Service Text -NEST

**01/21/2025**
    **Proposed Order Filed**
Order Appointing Special Process Server; Electronic Filing Certificate of Service.
    **Filed By:** JEREMY DANIEL HOLLINGSHEAD
    **On Behalf Of:** NATASHA MCGREW
    **Motion Special Process Server**
Motion to Appoint Special Process Server; Electronic Filing Certificate of Service.
    **Filed By:** JEREMY DANIEL HOLLINGSHEAD
    **On Behalf Of:** NATASHA MCGREW
    **Alias Summons Requested**
Request for Alias Summons; Electronic Filing Certificate of Service.
    **Filed By:** JEREMY DANIEL HOLLINGSHEAD
    **On Behalf Of:** NATASHA MCGREW
    **Notice of Service**
Return Non-Est - Emmanuel Wilbourn; Electronic Filing Certificate of Service.
    **Filed By:** JEREMY DANIEL HOLLINGSHEAD
    **On Behalf Of:** NATASHA MCGREW

**Notice of Service**

Return Non-Est - James Person; Electronic Filing Certificate of Service.

> **Filed By:** JEREMY DANIEL HOLLINGSHEAD
> **On Behalf Of:** NATASHA MCGREW

**Notice of Service**

Return Non-Est - City of Belton; Electronic Filing Certificate of Service.

> **Filed By:** JEREMY DANIEL HOLLINGSHEAD
> **On Behalf Of:** NATASHA MCGREW

**12/02/2024**

> **Hearing Held**
>
> Plaintiff appears in person without counsel. Defendant appears not. Court takes up Dismissal Hearing. Cause is continued for status review to February 3, 2025, at 9:00 a.m. If there has been no new activity on the case, court will proceed with dismissal. SJL/tf
>
> > **Associated Entries: 11/12/2024 - Dismissal Hearing Scheduled** +
> > **Scheduled For:** 12/02/2024; 9:00 AM; STACEY LETT; Cass

**11/26/2024**

> **Returned Mail-Undeliverable**

**11/12/2024**

> **Dismissal Hearing Scheduled**
>
> CAUSE SET FOR DISMISSAL FOR WANT OF PROSECUTION
>
> > **Associated Entries: 12/02/2024 - Hearing Held** +
> > **Scheduled For:** 12/02/2024; 9:00 AM; STACEY LETT; Cass
>
> **Notice**
>
> Notice of Entry sent this date to Parties.

**09/01/2023**

> **Judge/Clerk - Note**
>
> CANNOT PROCESS ALIAS SUMMONS REQUEST UNTIL PREVIOUS SUMMONS FROM NOVEMBER 9, 2022 ARE RETURNED NON EST.
>
> **Order - Special Process Server**

**08/31/2023**

> **Proposed Order Filed**
>
> Proposed Order; Electronic Filing Certificate of Service.
>
> > **Filed By:** JEREMY DANIEL HOLLINGSHEAD
> > **On Behalf Of:** NATASHA MCGREW

**08/30/2023**

> **Motion Special Process Server**
>
> Motion for Appointment of Special Process Server and Request for Issuance of Alias Summons; Electronic Filing Certificate of Service.
>
> > **Filed By:** JEREMY DANIEL HOLLINGSHEAD
> > **On Behalf Of:** NATASHA MCGREW

**11/09/2022**

> **Summons Issued-Circuit**
>
> Document ID: 22-SMCC-596, for PERSON, JAMES.
>
> **Summons Issued-Circuit**
>
> Document ID: 22-SMCC-595, for CITY OF BELTON.
>
> **Summons Issued-Circuit**
>
> Document ID: 22-SMCC-593, for WILBOURN, EMMANUEL.

**11/08/2022**

> **Filing Info Sheet eFiling**
>
> > **Filed By:** NICHOLAS JUSTIN DUDLEY
>
> **Pet Filed in Circuit Ct**
>
> Petition; Exhibit 1; Exhibit 2a; Exhibit 2c; Exhibit 2d; Exhibit 3; Exhibit 4; Exhibit 6; Exhibit 7; Exhibit 8; Exhibit 5.
>
> > **Filed By:** NICHOLAS JUSTIN DUDLEY
> > **On Behalf Of:** NATASHA MCGREW
>
> **Judge Assigned**

Electronically Filed - Cass - November 08, 2022 - 11:04 PM

**IN THE CIRCUIT COURT OF CASS COUNTY
STATE OF MISSOURI**

| | | |
|---|---|---|
| **NATASHA MCGREW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | _____ |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.** |
| **CITY OF BELTON, MISSOURI,** | ) | |
| | ) | |
| **Serve at:** | ) | **JURY TRIAL DEMANDED** |
| City Hall | ) | |
| 500 Main Street | ) | |
| Belton, Missouri 64012 | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **EMMANUEL BRIAN WILBOURN,** | ) | |
| In his individual and official capacities, | ) | |
| | ) | |
| **Serve at:** | ) | |
| 712 Second Street | ) | |
| Belton, Missouri 64012 | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **CHIEF JAMES PERSON,** | ) | |
| In his individual and official capacities, | ) | |
| | ) | |
| **Serve at:** | ) | |
| City Hall | ) | |
| 500 Main Street | ) | |
| Belton, Missouri 64012 | ) | |
| | ) | |
| Defendants. | ) | |

EXHIBIT 1

**PETITION**

COMES NOW Plaintiff, Natasha McGrew ("Plaintiff"), by and through undersigned counsel, and for her Petition, hereby states the following to this Honorable Court as follows:[1]

## I.    Nature of the Action.

1.    This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, against Defendants City of Belton, Missouri ("Defendant City"); the former (at all times relevant herein) Chief of Police for Defendant City, James Person ("Defendant Chief"), policymaker for the City of Belton, Missouri Police Department's Jail (the "Jail"); and one of the Jail's correctional officers, Defendant Emmanuel Brian Wilbourn ("Defendant Wilbourn") (collectively, Defendants City, Chief, and Wilbourn are hereinafter sometimes referred to as "Defendants"), arising from, among other things, Defendants':

   a.    Creation of a pervasive risk of harm to Plaintiff, in violation of 42 U.S.C. § 1983.

   b.    Failure to protect Plaintiff, a pre-trial detainee,[2] from harm, in violation of 42 U.S.C. § 1983.

   c.    Failure of Defendants City and Chief to train and/or supervise its correctional officers, in violation of 42 U.S.C. § 1983.

---

[1] For ease of reading, the factual allegations contained within this Petition are separated into heading and sub-headings. However, the factual allegations form all preceding headings and sub-headings and are hereby realleged and incorporated into all other headings and sub-headings as if fully set forth herein.

[2] NOTE: The words "inmates" and "detainees" are used interchangeably throughout this Petition without regard to Plaintiff's legal status as alleged herein.

2. Defendants' actions, conduct, and/or omissions, as specifically alleged herein, were the direct result of a policy, practice, custom, and/or procedure to violate Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution, and thus, Defendants were deliberately indifferent to Plaintiff's rights.

## II. Parties.

### A. Plaintiff, Natasha McGrew (i.e., Plaintiff).

3. Plaintiff is a female citizen of the State of Missouri, residing in Cass County, Missouri.

4. At all relevant times herein, Plaintiff was incarcerated as a pre-trial detainee at the Jail.

5. While incarcerated as a pre-trial detainee at the Jail, Plaintiff was sexually assaulted by a Jail correctional officer—namely, Defendant Wilbourn.

### B. Defendant City of Belton, Missouri (i.e., Defendant City).

6. Defendant City is a governmental entity located in Cass County, Missouri.

7. Defendant City owns, operates, manages, directs, and/or controls Defendant City's Police Department (the "Police Department").

8. In turn, Plaintiff is under information and belief that the Police Department owns, operates, manages, directs, and/or controls the Jail.

9. The Jail is a municipal correctional facility located within the City of Belton, Cass County.

**C.** **Defendant, City of Belton, Missouri's Chief of Police, James Person (i.e., Defendant Chief).**

10.     Defendant Chief was Defendant City's Chief of Police for approximately 35 years, including during all relevant times to the allegations contained within this Petition.

11.     Defendant Chief was, at all relevant times herein, the acting supervisor and administrator of the Jail, and thus, was employed by Defendant City.

12.     Plaintiff is under information and belief that Defendant Chief was, at all relevant times herein, one of or the policymaker for both the Police Department and the Jail.

13.     At all relevant times herein, Defendant Chief was acting under the color of state law.

**D.** **Defendant Emmanuel Brian Wilbourn (i.e., Defendant Wilbourn).**

14.     Defendant Wilbourn was, at all relevant times herein, a correctional officer at the Jail.

15.     Plaintiff is also under information and belief that, at all relevant times herein, Defendant Wilbourn was employed by Defendant City.

16.     More specifically, at all relevant times herein, Defendant Wilbourn was assigned to work as one of the Jail's correctional officers.

17.     Defendant Wilbourn is being sued in both his individual and official capacities.

18.     At all relevant times herein, Defendant Wilbourn was acting under the color of state law.

**III.**     <u>**Jurisdiction and Venue.**</u>

19.     Jurisdiction and venue are proper in Cass County, Missouri pursuant to RSMo. § 508.010.

20.     Plaintiff's cause of action arises out of conduct that took place in Cass County, Missouri.

21.     Plaintiff was first injured in Cass County, Missouri while being held as a pre-trial detainee at the Jail.

**IV.**     <u>**Factual Allegations Relevant to All Counts.**</u>[3]

      **A.**     <u>**General Background.**</u>

22.     Beginning in or around December of 2016, Plaintiff was being held as a pre-trial detainee at the Jail.

23.     More specifically, Plaintiff was being detained at the Jail related to unpaid fines on various parking tickets that Plaintiff incurred in the City of Belton, Missouri.

24.     Beginning in or around August of 2017, Defendant Wilbourn enrolled at the police academy with the apparent intention of becoming a sworn Missouri law enforcement officer.

25.     Prior to Defendant Wilbourn enrolling in the police academy, he and Plaintiff were familiar with one another unrelated to Plaintiff's eventual pre-trial detainment at the jail.

---

[3] NOTE: All exhibits referenced in and attached to this Petition are hereby alleged and incorporated into this Petition as if fully set forth herein.

26.     More specifically, Defendant Wilbourn and Plaintiff had, on a few occasions prior to Plaintiff's pre-trial detention at the Jail, engaged in voluntary sexual intercourse.

27.     As a result of Plaintiff and Defendant Wilbourn's aforementioned, prior intimate relationship, they possessed one another's cell phone numbers.

28.     Well after Plaintiff and Defendant Wilbourn's brief sexual relationship had been mutually terminated, Defendant Wilbourn was assigned as a correctional officer at the Jail.

29.     More specifically, Plaintiff is under information and belief that Defendant Wilbourn was initially assigned as one of the Jail's correctional officers sometime in mid-October of 2017 (i.e., approximately a month prior to the November 11, 2017, sexual assault described in more detail below).

30.     Plaintiff is under information and belief that, despite Defendant Wilbourn's actual knowledge of having previously engaged in a brief, prior sexual relationship with Plaintiff, Defendant Wilbourn either:

    a.     Intentionally failed to disclose said sexual relationship to his superior correctional officers, thus permitting Defendant Wilbourn to have supervisory authority over Plaintiff during her time as a pre-trial detainee at the Jail.

    b.     Or, alternatively, despite having been aware of Plaintiff and Defendant Wilbourn's prior sexual relationship, Defendants City and Chief, nonetheless, turned a blind eye to whether Defendant Wilbourn

possessed supervisory authority over Plaintiff during her time as a pre-trial detainee at the Jail.

31.     Regardless, Defendant Wilbourn's possession of supervisory authority over Plaintiff during her time as a pre-trial detainee at the Jail directly permitted Defendant Wilbourn to have the physical access to Plaintiff necessary to engage in the sexual assault on Plaintiff which is the subject of this cause of action.

**B.     Defendant Wilbourn's Sexual Assault of Plaintiff.**

32.     While Plaintiff was still being held as a pre-trial detainee at the Jail, on or about November 11, 2017:

      a.     Plaintiff asked Defendant Wilbourn for water and food, and Defendant Wilbourn provided Plaintiff with the same.[4]

      b.     Upon returning to Plaintiff's jail cell with her requested food, Defendant Wilbourn placed a plate of food on a "desk" located in Plaintiff's jail cell.[5]

      c.     At the time Defendant Wilbourn entered Plaintiff's jail cell, Plaintiff was lying on the floor because she had not been feeling well.[6]

      d.     More specifically, Defendant Wilbourn brought Plaintiff "…some chicken wings and rice."[7]

---

[4] *See* attached "Plaintiff's Exhibit 1—Probable Cause Statement," filed in *State of Missouri v. Wilbourn* (Case No. 17CA-CR01105); *see* Plaintiff's Exhibit 1, p. 1; *see also* attached "Plaintiff's Exhibit 5—Plaintiff's Grievance Report."
[5] *See Id.*
[6] *See* Plaintiff's Exhibit 1, p. 1; *see also generally* Plaintiff's Exhibit 5, pp. 1-2.
[7] *See Id.*

e.    Plaintiff would later note to law enforcement that she thought Defendant Wilbourn's choice of food to deliver to Plaintiff was odd, because chicken wings and rice were not "normal jail food;" rather, Plaintiff is under information and belief that Defendant Wilbourn had brought said food from home.[8]

f.    Defendant Wilbourn walked up to where Plaintiff was lying on the floor and knelt down on the floor next to Plaintiff.[9]

g.    At that time, Defendant Wilbourn removed his penis from his pants and pulled out a condom.[10]

h.    Defendant Wilbourn next instructed Plaintiff to "…put [Defendant Wilbourn's] penis next to [Plaintiff's] mouth and she stated 'no' and she did not feel good."[11]

i.    Defendant Wilbourn then instructed Plaintiff to put Defendant Wilbourn's penis in Plaintiff's mouth "…enough for [Defendant Wilbourn] to get an erection."[12]

j.    Plaintiff specifically recalled telling Defendant Wilbourn "no" on three (3) separate occasions in response to his request that Plaintiff put Defendant Wilbourn's penis in Plaintiff's mouth.[13]

---

[8] *See* Plaintiff's Exhibit 1, p. 2.
[9] *See Id; see also generally* Plaintiff's Exhibit 5, pp. 1-2.
[10] *See Id.*
[11] *See Id.*
[12] *See* Plaintiff's Exhibit 1, p. 2; *see also generally* Plaintiff's Exhibit 5, pp. 1-2.
[13] *See* Plaintiff's Exhibit 1, pp. 2-3.

k.  Plaintiff then complied with Defendant Wilbourn's request "…because she was scared."[14]

l.  Defendant Wilbourn then removed one of Plaintiff's "…pant legs and [Defendant Wilbourn] inserted his penis into [Plaintiff's] vagina."[15]

m.  Thereafter, Plaintiff is under information and belief that Defendant Wilbourn ejaculated prior to "…grabb[ing] some tissues and le[aving] [Plaintiff's] cell."[16]

33.  To be clear, on the night in question (i.e., November 11, 2017), Plaintiff never consented to any form of sexual contact, including intercourse, with Defendant Wilbourn.[17]

34.  More specifically, on at least three (3) occasions as stated above, Plaintiff explicitly told Defendant Wilbourn "no" when Plaintiff was instructed to engage in sexual activity with Defendant Wilbourn.[18]

35.  Prior to the aforementioned sexual assault, Defendant Wilbourn had previously made a statement to Plaintiff of "let me get some"—a statement Plaintiff interpreted as Defendant Wilbourn explicitly indicating a desire to have sexual intercourse with Plaintiff while she was being held as a pre-trial detainee at the Jail.[19]

---

[14] *See* Plaintiff's Exhibit 1, p. 2; *see also generally* Plaintiff's Exhibit 5, pp. 1-2.
[15] *See* Plaintiff's Exhibit 1, p. 1; *see also generally* Plaintiff's Exhibit 5, pp. 1-2.
[16] *See Id.*
[17] *See* Plaintiff's Exhibit 1, pp. 2-3.
[18] *See Id.*
[19] *See Id.* at p. 3.

36.     In response to Defendant Wilbourn's aforementioned statement to Plaintiff of "let me get some," Plaintiff explicitly told Defendant Wilbourn, "no."[20]

37.     By way of relevant background information:

   a.     Plaintiff informed police investigators that the aforementioned sexual assault "…occurred after the [Jail's] lights were turned off for the night."[21]

   b.     On the day of the aforementioned sexual assault (i.e., November 11, 2017), Defendant Wilbourn's work schedule was the night shift which, according to Defendant Wilbourn, ran from 11:00 p.m. to 7:00 a.m. the following morning.[22]

   c.     Defendant Wilbourn was the only male correctional officer/employee on-duty in the Jail during his November 11, 2017, work shift.

---

[20] *See* Plaintiff's Exhibit 1, p. 3.
[21] *See Id.*
[22] *See* attached "Plaintiff's Exhibit 6—Defendant Wilbourn's Miranda Rights Waiver Form;" *see* Plaintiff's Exhibit 6, p. 3.

Electronically Filed - Cass - November 08, 2022 - 11:04 PM

**C.** **Subsequent Criminal Action Taken Against Defendant Wilbourn, Resulting in Two Felony Convictions.**

        **a.** **Law Enforcement's Criminal Investigation.**

38.     On the same day as the aforementioned sexual assault occurred,[23] Plaintiff filed a "Grievance Report" with the Jail whereby Plaintiff reported the above-described sexual assault by Defendant Wilbourn.[24]

39.     Plaintiff also reported the sexual assault to one of the Jail's supervisory correctional officers, Tom Yost ("C.O. Yost").[25]

40.     More specifically, according to C.O. Yost, on or about November 11, 2022, Plaintiff informed C.O. Yost "…that she was raped last night by the defendant [i.e., Defendant Wilbourn]."[26]

41.     As a result of both Plaintiff filing of a "Grievance Report" and her aforementioned conversation with, among other supervisory correctional officers at the Jail, C.O. Yost, one or more detectives (the "Detectives") with the Police Department were called into the Jail to conduct a criminal investigation into Plaintiff's above-described allegations of sexual assault by Defendant Wilbourn.[27]

---

[23] NOTE: Due to the sexual assault at issue in this case occurring "during the night" (i.e., after midnight on November 10, 2017), Plaintiff's Grievance Report identifies the date of the incident as "November 10, 2017" rather than during the early morning hours of November 11, 2017; *see* Plaintiff's Exhibit 5, p. 1.

[24] *See generally Id.,* pp. 1-2.

[25] *See* Plaintiff's Exhibit 1, p. 1.

[26] *See Id.*

[27] *See generally Id.* at pp. 1-4.

Electronically Filed - Cass - November 08, 2022 - 11:04 PM

42.     Among other investigatory methods, the Detectives interviewed a number of potential witnesses to the aforementioned sexual assault, including both Plaintiff and Defendant Wilbourn.[28]

43.     One of the Detectives noted that, upon making initial conduct with Plaintiff at the Police Department, Plaintiff informed the Detective "…that she was scared and didn't know what was going to happen."[29]

44.     Plaintiff agreed to provide the Detectives with a full interview only upon receiving assurances from the Detectives that Plaintiff was in the custody of the Belton [Missouri] Police Department, and as a result, was now safe from further harm by Defendant Wilbourn.[30]

45.     The Detectives also instructed the Jail's correctional officers to promptly transport Plaintiff to the Belton [Missouri] Regional Hospital (the "Hospital") for a sexual assault examination to be performed.[31]

46.     After learning from Plaintiff that Defendant Wilbourn had taken the "used condom" with him after leaving Plaintiff's jail cell, the Detectives requested the Jail's correctional officers to conduct a search of the Jail in an effort to locate the same.[32]

47.     In doing so, the Jail's administrator, Sergeant Mosby ("Sgt. Mosby"), "…located a large trash bag in the [Jail's] laundry room."[33]

---

[28] *See* Plaintiff's Exhibit 1, pp. 1-2.
[29] *See Id.* at p. 2.
[30] *See Id.*
[31] *Id.*
[32] *Id.*
[33] *See Id.*

48.    Upon inspection, it was discovered that, "[i]nside the big bag was a smaller bag," and inside said smaller bag, Sgt. Mosby "…observed a condom wrapped in paper towels."[34]

49.    Sgt. Mosby "…also collected [Plaintiff's] bedding and turned it over to [the Detectives]."[35]

50.    Plaintiff would subsequently learn that, upon testing by an approved crime laboratory, Plaintiff's DNA was found on the above-described condom located inside of the small bag in the Jail's laundry room.

51.    Detectives and the Jail's correctional officers also took a number of photographs of the evidence they had jointly collected.[36]

52.    As part of their criminal investigation into Plaintiff's allegations of sexual assault by Defendant Wilbourn, the Detectives pulled the Jail's security tape footage for the times relevant to Plaintiff's sexual assault which, among other things, revealed that:

   a.    Defendant Wilbourn entered and then subsequently exited the female inmates' "day room and office" on "…three separate times at about 0409, 0410, and 0415 hours."[37]

   b.    According to the Detectives, although "[t]he last [video surveillance] entry…does not show [Defendant Wilbourn] leaving…there is a

---

[34] *See* Plaintiff's Exhibit 1, p. 2.
[35] *See Id.*
[36] *See Id.*
[37] *See Id.*

'blip' in the video that would indicate he exited the area about 0421 hours."[38]

c.    Moreover, the Jail's "…office camera shows [Defendant Wilbourn] enter the jail office [and] pull what appears to be paper from [Defendant Wilbourn's] pants pocket and discard it into the jail office trash can."[39]

d.    Defendant Wilbourn can then be seen "…tak[ing] the trash bag and contents from the can…out of the offices and places them in the rolling trash can."[40]

53.    Later that day (i.e., November 11, 2017), the Detectives obtained a signed, written Miranda "Rights Waiver Form" from Defendant Wilbourn who was then voluntarily interviewed by the Detectives, as well as to provide a voluntary sample of Defendant Wilbourn's DNA for subsequent testing against the samples collected on the scene.[41]

54.    During the aforementioned interview with Detectives, among other statements, Defendant Wilbourn admitted to Plaintiff performing oral sex and having sexual intercourse with Defendant Wilbourn, although he denied that the sexual encounter was non-consensual.[42]

---

[38] *See* Plaintiff's Exhibit 1, p. 2.
[39] *See Id.*
[40] *See Id.*
[41] *See* Plaintiff's Exhibit 6, p. 1.
[42] *See Id.* at pp. 3-4.

55. Defendant Wilbourn's statement to the Detectives, in relevant part, stated that:

      a.    Plaintiff said "…she wanted to get out [of the Jail]," and "…she would hook [Defendant Wilbourn] up and [they] had sex."[43]

      b.    When asked by the Detectives if he ever informed Plaintiff "…that [Defendant Wilbourn] couldn't help [Plaintiff] get out [of the Jail]," Defendant Wilbourn claims that he informed Plaintiff of that fact "numerous times," and "…there was no see what I can do" in terms of Defendant Wilbourn's response to Plaintiff's alleged inquiry.[44]

      c.    Other than the incident in question with Plaintiff, Defendant Wilbourn claimed to have never "…had sex with any prisoner" at the Jail.[45]

56. Moreover, when Detectives asked Defendant Wilbourn, "[w]hy didn't you report [Plaintiff's request for sexual favors in exchange for assistance with getting out of the Jail] to your supervisor," Defendant Wilbourn stated:

> Because I didn't think [Plaintiff] would do it, we have been messing around outside of here, I didn't think she would do this. I have provided her with food, clothes for her kids; I don't know why she is doing this other then…she is mad that she couldn't get out, she would talk about me trying to get her out if she went to jail, and I told her that I couldn't jeopardize my career.[46]

---

[43] *See* Plaintiff's Exhibit 6, p. 3.
[44] *See Id.*
[45] *Id.*
[46] *See* Plaintiff's Exhibit 5, p. 4.

57.     Finally, when offered an opportunity by the Detectives if Defendant Wilbourn had "…anything else that [he] want[ed] to put in this statement," Defendant Wilbourn stated, "I'm sorry I wished this never happened, I made a mistake and shouldn't have done it.  I should have told her no, I was weak and should have stayed away from her."[47]

58.     However, in direct contravention to Defendant Wilbourn's above-quoted written statement, the Detectives documented that, during an oral interview conducted on November 11, 2017, Defendant Wilbourn claimed that he "…did not have sex with [Plaintiff] at the Belton Police Department jail" (i.e., the Jail).[48]

59.     In response to Defendant Wilbourn's denial to having sexual intercourse with Plaintiff at the Jail, one of the Detectives:

> …told [ ] defendant [Wilbourn] that his used condom and tissue were located in the trash from the jail office.  Plus he was on video surveillance putting he (sic) duty belt and "keepers" back on.  [In response] [ ] defendant [Wilbourn] **reluctantly admitted to having sex with the [Plaintiff]**.[49]

60.     According to the Detectives, Defendant Wilbourn also admitted, among other things, to the following during his oral interview with the Detectives:

> [Defendant Wilbourn] said that the [Plaintiff] was bugging him for several days about helping her get out [of the Jail].  He told her no several times that he could not help her; he did not want to compromise his job.  [The Detective] asked [Defendant Wilbourn] if he knew the victim outside of work.  He told [the Detective] a similar version that the [Plaintiff] said.  He said that he has known [Plaintiff] for approximately 6 months.  [Defendant Wilbourn] met [Plaintiff] at

---

[47] *See* Plaintiff's Exhibit 5, p. 4.
[48] *See* Plaintiff's Exhibit 1, p. 3.
[49] *See Id.* (emphasis added).

the jail when he was working one time. When she got out she called him at the jail needing help. [Defendant Wilbourn] felt sorry for [Plaintiff] and bought her food as well as gave her some clothes for her children. He said he met her up on Blue Ridge at a hotel she was staying at and they had sex. [Defendant Wilbourn] said he couldn't understand that [Plaintiff] would make [up] such a claim other than he refused helping her get out after he had with her at the jail. He said he knew it was wrong, due to her persistence she caught him in a weak moment. [The Detective] asked [ ] [Defendant Wilbourn] if he pulled his penis out, put a condom on and put it to the victims mouth. He said yes to make it hard. [Defendant Wilbourn] then admitted to pulling the victims pants down and had sex with her. He agreed that he wiped off and put the tissue and condom in the jail office trash.[50]

61.    Also, according to the Detectives, Defendant Wilbourn acknowledged that his DNA would be present in the sperm that was in the condom previously recovered from the Jail's trash can.[51]

62.    When asked by the Detective if "…there were any other women that came onto [Defendant Wilbourn] to obtain his help in the jail," Defendant Wilbourn claimed to the Detective that, "…one time when the [Plaintiff] was out she tried to get [Defendant Wilbourn] to help a friend of [Plaintiff's] that was in jail."[52]

63.    According to Defendant Wilbourn, prior to the alleged November 11, 2017, sexual assault, he only had sexual intercourse with Plaintiff "a couple of times."[53]

---

[50] *See* Plaintiff's Exhibit 1, p. 3.
[51] *See Id.*
[52] *See Id.* at p. 4.
[53] *See Id.*

b. **Defendant Wilbourn's Subsequent Criminal Charges/Jury Convictions.**

64.     However, despite Defendant Wilbourn's aforementioned, self-serving statements to the Detectives, on the following day (i.e., November 12, 2017), a "Felony Complaint" was filed against Defendant Wilbourn by the Cass County, Missouri's Prosecuting Attorney's Office (the "Prosecuting Attorney").[54]

65.     In the Prosecuting Attorney's aforementioned November 12, 2017, Felony Complaint:

    a.     Defendant Wilbourn was charged with two counts of the Class E felony of unlawful sexual conduct with a prisoner.[55]

    b.     Both counts both were alleged to be in violation of a well-established Missouri law (i.e., RSMo. § 566.145).[56]

    c.     However, in slightly different verbiage from Count 1, under Count 2, the felony complaint further alleged that Defendant Wilbourn had "deviate sexual intercourse" with Plaintiff.[57]

    d.     The Prosecuting Attorney's stated basis for filing the aforementioned felony complaint against Defendant Wilbourn was the Detective's above-described probable cause statement.[58]

---

[54] *See generally* attached "Plaintiff's Exhibit 2a—November 12, 2017, Felony Complaint," filed in *State of Missouri v. Wilbourn* (Case No. 17CA-CR01105).
[55] *See Id.* at p. 1.
[56] *See Id.*
[57] *See* Plaintiff's Exhibit 2a, p. 1.
[58] *See Id.; see also generally* Plaintiff's Exhibit 1, pp. 1-4.

66.     However, on April 24, 2018, the Prosecuting Attorney filed a superseding

four (4) count Felony Complaint (referred to as the Prosecuting Attorney's "First Amended

Felony Complaint") against Defendant Wilbourn, with each of the four (4) counts

independently alleging violations of well-established Missouri criminal statutes:

a.     **Count 1:  Rape—2ⁿᵈ Degree**, a Class D felony, alleging Defendant

Wilbourn to have violated RSMo. § 566.031 by having sexual

intercourse with Plaintiff, and knowingly doing so, without Plaintiff's

consent.[59]

b.     **Count 2:    Sodomy—2ⁿᵈ Degree**, a Class D felony, alleging

Defendant Wilbourn to have violated RSMo. § 566.061 by knowingly

having deviate sexual intercourse with Plaintiff, "by placing

[Defendant Wilbourn's] penis inside of [Plaintiff's] mouth knowing

that defendant [Wilbourn] did so without the consent of [Plaintiff]."[60]

c.     **Count 3:  Sexual Contact with a Prisoner,** a Class E felony, alleging

Defendant Wilbourn to have violated RSMo. § 566.145 by knowingly

having "sexual intercourse with [Plaintiff], a prisoner confined in the

Belton City Jail, a jail."[61]

d.     **Count 4:  Sexual Contact with a Prisoner,** a Class E felony, alleging

Defendant Wilbourn to have violated RSMo. § 566.145 by knowingly

---

[59] *See* attached "Plaintiff's Exhibit 2b—April 24, 2018, First Amended Felony Complaint,"
filed in *State of Missouri v. Wilbourn* (Case No. 17CA-CR01105-01).
[60] *See* Plaintiff's Exhibit 2b, p. 1.
[61] *See Id.*

having "…deviate sexual intercourse with [Plaintiff], a prisoner confined in the Belton City Jail, a jail."[62]

67.    On April 27, 2018, the Prosecuting Attorney filed a "Felony Information" against Defendant Wilbourn in the above-described criminal matter, substantively alleging the same basis for having filed charges as was alleged in the Prosecuting Attorney's April 24, 2018 "First Amended Felony Complaint."[63]

68.    On March 1, 2019, the Prosecuting Attorney filed a "First Amended Felony Information" which returned the counts and allegations against Defendant Wilbourn to the originally filed November 12, 2017, "Felony Complaint" (i.e., two Class E felony counts of unlawful sexual contact with a prisoner with "Count 2" specifically alleging that Defendant Wilbourn "…knowingly had deviate sexual intercourse with [Plaintiff]."[64]

69.    Following a jury trial, Defendant Wilbourn was convicted on the two Class E felony counts of having unlawful sexual contact with an inmate, including for "…knowingly ha[ving] deviate sexual intercourse with [Plaintiff]."[65]

---

[62] *See* Plaintiff's Exhibit 2b, p. 2.
[63] *See* attached "Plaintiff's Exhibit 2c—April 27, 2018, Felony Information," filed in *State of Missouri v. Wilbourn* (Case No. 17CA-CR01105-01); *see also* Plaintiff's Exhibit 2c, pp. 1-2.
[64] *See* attached "Plaintiff's Exhibit 2d—March 1, 2019, First Amended Felony Information," filed in *State of Missouri v. Wilbourn* (Case No. 17CA-CR01105-01); *see also* Plaintiff's Exhibit 2d, p. 1.
[65] *See* attached "Plaintiff's Exhibit 3—Jury Guilty Verdict Forms returned in *State of Missouri v. Wilbourn* (Case No. 17CA-CR01105-01); *see also* Plaintiff's Exhibit 3, pp. 1-2; Plaintiff's Exhibit 2d, p. 1.

70.     Thereafter, the jury sentenced Defendant Wilbourn to "imprisonment in the county jail for a term of 30 days" on both counts."[66]

71.     Through the pendency of Defendant Wilbourn's criminal prosecution, and in an effort to assist the Prosecuting Attorney secure convictions in the case, Plaintiff was requested to, and in fact, did, testify at:

     a.     The matter's preliminary hearing.

     b.     A deposition taken by Defendant Wilbourn's criminal defense attorney.

     c.     The matter's jury trial.

**D.     <u>The Jail and Defendant City's Failure to Follow Relevant Customs, Practices, Policies, and/or Procedures.</u>**

     **a.     <u>The American Correctional Association's "Performance-Based Standards for Adult Local Detention Facilities."</u>**

          **i.     <u>Overview.</u>**

72.     The American Correctional Association's (hereinafter sometimes referred to as the "ACA") "Performance-Based Standards for Adult Local Detention Facilities" (hereinafter sometimes referred to as the "ACA Standards") sets forth safety and security standards which constitute the best practices for the operation of correctional facilities such as the Workhouse.[67]

---

[66] *See* attached "Plaintiff's Exhibit 4—Jury Sentencing Verdict Forms returned in *State of Missouri v. Wilbourn* (Case No. 17CA-CR01105-01); *see also* Plaintiff's Exhibit 4, pp. 1-2; Plaintiff's Exhibit 2d, p. 1.

[67] *See generally* attached "Plaintiff's Exhibit 8—ACA Performance-Based Standards for Adult Local Detention Facilities."

73.     The ACA "…accreditation process is vital to the future of corrections."[68]

74.     ACA "[a]ccreditation, a process that began in 1978, involves approximately 80 percent of all state departments of corrections and youth services as active participants…" and also includes "…facilities operated by the Federal Bureau of Prisons, the U.S. Parole Commission, and the District of Columbia."[69]

75.     According to the ACA, "[t]he recognized benefits from such a process include improved management, a defense against lawsuits through documentation and the demonstration of a 'good faith' effort to improve conditions of confinement, increased accountability and enhanced public credibility for administrative and line staff, a safer and more humane environment for personnel and offenders, and the establishment of measurable criteria for upgrading programs, personnel, and the physical plant on a continuing basis."[70]

76.     Plaintiff is under information and belief that:

a.     The ACA is the only major entity providing sought after accreditation to correctional institutions such as the JCDC and Blue Springs Jail.

b.     Two of the ACA's big requirements for accreditation are updating a correctional institution's training and policies.

c.     All correctional institutions, including the JCDC and Blue Springs Jail are both aware of the ACA's standards, and regardless of

---

[68] Plaintiff's Exhibit 8, p. xiii.
[69] *Id.* at p. xvi.
[70] *Id.*

accreditation, subscribe to the ACA Standards' specific customs, policies, procedures, and protocols.

77. Plaintiff is also under information and belief that complying with the ACA standards is considered the minimum standards for **<u>all</u>** local jails, including the JCDC and Blue Springs Jail.

78. More specifically, it is well-recognized among correctional institutions and should also be the case at the JCDC and Blue Springs Jail that the ACA Standards constitute the "least that should be done" at **<u>any</u>** correctional institution in the United States.

  **ii.**   **<u>The Jail and Defendant City's Failure to Adhere to the ACA's Applicable Standards.</u>**

79. Failure to comply with applicable ACA standards, in-and-of-itself, constitutes a correctional institution policy.

80. Section 4-ALDF-1A-11 of the ACA Standards requires that each of the Jail's inmates, including Plaintiff, "…confined in a cell/room…" to be "…provided with the following:"[71]

  a.   "[A] sleeping surface and mattress that allows the inmate to be at least 12 inches off the floor."[72]

  b.   "[A]ccess to a writing surface and proximate area to sit."[73]

  c.   "[A] place to store clothes and personal belongings."[74]

---

[71] Plaintiff's Exhibit 8, p. 5.
[72] *Id.*
[73] *Id.*
[74] *Id.*

81.     Section 4-ALDF-2A-02 of the ACA Standards requires that the Jail's "[c]orrectional officer posts are located in or immediately adjacent to inmate living areas to permit officers to see or hear and respond promptly to emergency situations."[75]

82.     Section 4-ALDF-2A-05 of the ACA Standards requires that "[p]ersonal contact and interaction between staff and inmates are required and are facilitated."[76]

83.     Section 4-ALDF-2A-12 of the ACA Standards requires the Jail's:

a.      "Supervisory staff conducts a daily patrol, including holidays and week-ends, of all areas occupied by inmates."[77]

b.      "Unoccupied areas are to e inspected at least weekly."[78]

c.      "Patrols and inspections are documented."[79]

84.     Section 4-ALDF-4D-19 of the ACA Standards requires that inmate:

a.      "Health care encounters, including medical and mental health interviews, examinations, and procedures are conducted in a setting that respects the inmates' privacy."[80]

b.      "Female inmates are provide a female escort for encounters with a male health care provider."[81]

---

[75] Plaintiff's Exhibit 8, p. 16.
[76] *Id.*
[77] *Id.* at p. 17.
[78] *Id.*
[79] *Id.*
[80] *Id.* at p. 75.
[81] *Id.*

85.    Section 4-ALDF-4D-22 of the ACA Standards requires that the Jail "…will

ensure that information is provided to offenders about sexual abuse/assault including:"[82]

     a.    "Prevention/intervention."[83]

     b.    "Self-protection."[84]

     c.    "Reporting sexual abuse/assault."[85]

     d.    "Treatment and counseling."[86]

86.    Section 4-ALDF-4D-22-3 of the ACA Standards requires that:

> Detainees identified as high risk with a history of sexually assaultive behavior [be] assessed by a mental health or other qualified professional. **Detainees with a history of sexually assaultive behavior are identified, monitored, and counseled.**[87]

87.    Section 4-ALDF-4D-22-5 of the ACA Standards requires that:

> Sexual conduct between staff and detainees, volunteers or contract personnel and detainees, regardless of consensual status, is prohibited and subject to administrative and criminal disciplinary sanctions.[88]

88.    Section 4-ALDF-4D-22-7 of the ACA Standards requires that "[d]etainees

who are victims of sexual abuse have the option to report the incident to a designated staff

member other than an immediate point-of-contact line officer."[89]

---

[82] Plaintiff's Exhibit 8, p. 76.
[83] *Id.*
[84] *Id.*
[85] *Id.*
[86] *Id.*
[87] *Id.* at p. 77 (emphasis added).
[88] *Id.*
[89] *Id.* at p. 78.

89.     Section 4-ALDF-6A-07 of the ACA Standards requires that the Jail's "[i]nmates are not subjected to personal abuse, corporal punishment, personal injury, disease, property damage, or harassment."[90]

90.     Section 4-ALDF-6B-01 of the ACA Standards requires "[a]n inmate grievance procedure [be] made available to all inmates and includes at least one level of appeal."[91]

91.     Section 4-ALDF-6B-03 of the ACA Standards requires that, "[w]hen both males and females are housed in the same facility, all available services and programs are comparable," and "[n]either gender is denied opportunities on the basis of its smaller number in the population."[92]

92.     Section 4-ALDF-7B-02 of the ACA Standards requires the Jail to have a "facility administrator," and specifically:

> The qualifications for the position of facility administrator include at a minimum the following: a bachelor's degree in an appropriate discipline; five years of related administrative experience; and demonstrated administrative ability and leadership. The degree requirements may be satisfied by completion of a career development program that includes work-related experience, training, or college credits at a level of achievement equivalent to the bachelor's degree.[93]

---

[90] Plaintiff's Exhibit 8, p. 100.
[91] *Id.* at p. 101.
[92] *Id.* at p. 102.
[93] *Id.* at p. 112.

93.     Section 4-ALDF-7B-05 of the ACA Standards requires that "[e]ach new employee [be] provided with an orientation prior to assuming duties," and "[a]t a minimum, the orientation includes:"[94]

  a.     "[W]orking conditions."[95]

  b.     "[P]ersonnel policy manual."[96]

  c.     "[E]mployees' right and responsibilities."[97]

  d.     "[O]verview of the criminal justice system."[98]

  e.     "[T]our of the facility."[99]

  f.     "[F]acility goals and objectives."[100]

  g.     "[F]acility organization."[101]

  h.     "[S]taff rules and regulations."[102]

  i.     "[P]ersonnel policies."[103]

  j.     "[P]rogram overview."[104]

94.     Section 4-ALDF-7B-05 of the ACA Standards notes that, "[o]rientation is distinct from training because it acquaints personnel with the setting in which they will be

---

[94] Plaintiff's Exhibit 8, p. 113.
[95] Id.
[96] Id.
[97] Id.
[98] Id.
[99] Id.
[100] Id.
[101] Id.
[102] Id.
[103] Id.
[104] Id.

working but does not necessarily address the knowledge, skills, and abilities needed to implement assigned duties."[105]

95. Section 4-ALDF-7B-10 of the ACA Standards requires that:

> All new correctional officers receive 160 hours of training during their first year of employment. At least 40 of these hours are completed prior to being independently assigned to any post. Correctional officers receive at least 40 ours of training each subsequent year of employment…[106]

96. Section 4-ALDF-7B-10 of the ACA Standards requires that, "[a]t a minimum, this [aforementioned] training covers the following areas," in relevant part:[107]

    a.    "[S]ecurity procedures and regulations."[108]

    b.    "[I]nmate rules and regulations."[109]

    c.    "[R]ights and responsibilities of inmates."[110]

    d.    "[S]afety procedures."[111]

    e.    "[A]ll emergency plans and procedures."[112]

    f.    "[I]nterpersonal relations."[113]

    g.    "[S]exual abuse/assault awareness."[114]

---

[105] Plaintiff's Exhibit 8, p. 113.
[106] *Id.* at p. 115.
[107] *Id.*
[108] *Id.*
[109] *Id.*
[110] *Id.*
[111] *Id.*
[112] *Id.*
[113] *Id.*
[114] *Id.*

97.     Section 4-ALDF-7B-10 of the ACA Standards notes that, "[t]hese [aforementioned] training requirements apply to all correctional officers, whether they are full-time or part-time."[115]

98.     Section 4-ALDF-7C-02 of the ACA Standards requires that the Jail "…has a written code of ethics that it provides to all employees," which "[a]t a minimum," in relevant part:[116]

    a.      "[P]rohibits staff, contractors, and volunteers from using their official positions to secure privileges for themselves or others."[117]

    b.      "[P]rohibits staff, contractors, and volunteers from engaging in activities that constitute a conflict of interest."[118]

    c.      "[P]rohibits staff, contractors, and volunteers from accepting any gift or gratuity from, or engaging in personal business transactions with an inmate or an inmate's immediate family."[119]

99.     Section 4-ALDF-7C-02 of the ACA Standards notes that, "[a]ll staff, contractors, and volunteers are held accountable for compliance with the code of ethics."[120]

---

[115] Plaintiff's Exhibit 8, p. 115.
[116] *Id.* at p. 118.
[117] *Id.*
[118] *Id.*
[119] *Id.*
[120] *Id.*

100.     Section I ("Safety") of the ACA Standards requires the Jail to "[p]rovide a safe work environment for industries staff, volunteers, contractors, **and inmates,**" which includes insuring that said people "…are protected from injury and illness…"[121]

101.     Section 4-ALDF-1A-08 of the ACA Standards requires, "[t]he facility injury experience for serious inmate injuries [to be] analyzed at least annually, problems are identified, and corrective actions are developed and implemented, if applicable."[122]

102.     Section 4-ALDF-2A-14 of the ACA Standards requires that, "[a] comprehensive staffing analysis is conducted annually" that is then "…used to determine [the Jail's] staffing needs and plans."[123]

103.     Section 4-ALDF-2A-14 of the ACA Standards also requires that, "[e]ssential posts and positions, as determined in the staffing plan, are consistently filled with qualified personnel."[124]

104.     Plaintiff is under information and belief that the Jail failed to create any staffing plan during the relevant times at issue to this cause of action, let alone a staffing plan that complied with the ACA Standards.

105.     Section 4-ALDF-2A-14 of the ACA Standards requires the Jail to use "…a staffing analysis to determine the essential positions needed to perform the health services mission and provide the defined scope of services," and "…[a] staffing plan is developed

---

[121] Plaintiff's Exhibit 8, p. 1 (emphasis added).
[122] *Id.* at p. 4.
[123] *Id.* at p. 18.
[124] *Id.*

and implemented from this analysis" which must be "…reviewed annually for adequacy by the health authority."[125]

106.    Section 4-ALDF-4C-07 of the ACA Standards mandates that, "[t]here [are] 24-hour emergency medical, dental, and mental health services," including "…the following:"[126]

    a.    "[O]n-site emergency first aid and crisis intervention."[127]

    b.    "[E]mergency evacuation of the inmate from the facility."[128]

    c.    "[U]se of an emergency medical vehicle."[129]

    d.    "[U]se of one or more designated hospital emergency rooms or other appropriate health facilities."[130]

    e.    "[E]mergency on-call or physician, dentist, and mental health professional services are available 24 hours per day, when the emergency health facility is not located in a nearby community."[131]

107.    In relevant part, the ACA Standards defines the following terms relevant to Plaintiff's claims as set forth herein:

    a.    "Grievance/Grievance process—A circumstance or action considered to be unjust and grounds for complaint or resentment and/or a

---

[125] Plaintiff's Exhibit 8, p. 18.
[126] *Id.* at pp. 52-53.
[127] *Id.*
[128] *Id.*
[129] *Id.*
[130] *Id.*
[131] *Id.*

response to that circumstance in the form of a written complaint filed with the appropriate body."[132]

b.    "Policy—A course or line of action adopted and pursued by an agency that guides and determines present and future decision and actions. Policies indicate the general course of direction of an organization within which the activities of the personnel must operate. They are statements of guiding principles that should be followed in directing activities toward the attainment of objectives. Their attainment may lead to compliance with standards and compliance with the overall goals of the agency or system."[133]

c.    "Procedure—The detailed and sequential actions that must be executed to ensure that a policy is fully implemented. It is the method of performing an operation or a manner of proceeding on a course of action. It differs from a policy in that it directs action in a particular situation to perform a specific task within the guidelines of a policy."[134]

d.    "Protocols—Written instructions that guide implementation of expected practices, such as policies and procedures, training

---

[132] Plaintiff's Exhibit 8, p. 177.
[133] *Id.*
[134] *Id.* at p. 182.

curriculum, offender handbooks, diagrams, and internal forms and logs."[135]

    e.    "Special needs—A mental and/or physical condition that requires different accommodations or arrangements than a general population offender or juvenile normally would receive. Offenders or juveniles with special needs may include, but are not limited to, the emotionally disturbed, developmentally disabled, mentally ill, physically handicapped, chronically ill, the disabled or infirm, and the drug or alcohol addicted."[136]

108.    Plaintiff is under information and belief that, despite being actually aware, or alternatively, should have been aware of each of the above-cited ACA Standards, Defendants failed to substantively adhere to one or more of the same.

109.    Defendants' conscious decision to ignore one or more of the above-cited ACA Standards, and Defendants' failure to adhere to the same directly resulted in the Constitutional violations to Plaintiff, as specifically alleged herein.

    **b.**    **The Jail's PREA Policy.**

110.    The Jail's Prison Rape Elimination Act ("PREA") policy (which Defendant Wilbourn is noted as having been provided) failed to accurately instruct the Jail's correctional officers, including Defendant Wilbourn, that sexual contact with a Jail inmate (such as Plaintiff) constitutes a *per se* violation of RSMo. § 566.145.

---

[135] Plaintiff's Exhibit 8, p. 182.
[136] *Id.* at p. 185 (emphasis added).

111. The Jail's PREA policy does, however, explicitly observe that PREA (i.e., the federal statute itself):[137]

    a.    "Develops and implements national standards for the detection, prevention, reduction and punishment of prison rape."[138]

    b.    "Increases the accountability of corrections officials who fail to detect, prevent, reduce and punish prison rape."[139]

    c.    "Requires the collection of statistical data regarding the prevalence of sexual abuse in facilities."[140]

112. The Jail's PREA policy also notes that PREA (i.e., the federal statute itself):

    a.    Prohibits "[a]ny attempt, threat or request by a staff member, contractor or volunteer to engage in the activities described in sections 1-5 of [PREA]."[141]

    b.    Requires correctional facilities (including the Jail) to post certain "bulletins" in the facility for the benefit of the Jail's inmates, including the following bulletins:[142]

        i.    A bulletin posted in the Jail's day rooms informing inmates on how to report sexual assaults.[143]

---

[137] *See* Plaintiff's Exhibit 7, p. 2.
[138] *Id.*
[139] *Id.*
[140] *Id.*
[141] *Id.*
[142] *Id.*
[143] *See Id.*

      ii.      A "NO MEANS NO" flyer that also must be "…posted in day rooms, area, and [the Jail's] WEB page."

      iii.      The Jail's inmate rules, regulations, and other relevant information must be "…given to inmates or detainees when they arrive" at the correctional facility.[144]

113.   Additionally, the Jail's PREA policy noted that:

      a.      It is required that the Jail have a Captain or higher ranked officer appointed as the facility's designed "PREA Coordinator."[145]

      b.      Maintain "proper documentation."[146]

      c.      Conduct "[p]roper inmate assessment techniques and classifications."[147]

      d.      Provide "[o]utreach services…to victims of sexual abuse or harassment."[148]

114.   The Jail's PREA policy also requires that an "[i]nmate[ ] screening assessment for risk of victimization and abusiveness will take place at the time of booking or processing [each Jail inmate, including Plaintiff] and re reassessed every 30 days thereafter."[149]

---

[144] *See* Plaintiff's Exhibit 7, p. 2.
[145] *Id.* at p. 3.
[146] *Id.*
[147] *Id.*
[148] *Id.*
[149] *See Id.* at p. 4.

115.    According to the Jail's PREA policy, "[a]t the onset of the [inmate] screening [process], [the Jail's screener must] inform the inmate that [they] will be asking a series of questions, that [the staff member is] required to ask all of the questions of every inmate, and that the information provided will be protected from dissemination."[150]

116.    Moreover, during the inmate screening process, the Jail's screener must "[a]sk the inmate if he or she wishes to disclose if [he or she has] been a victim of sexual abuse in a jail or prison setting in the past."[151]

117.    However, by way of specific examples of the Jail's failure to adhere to one or more of the foregoing cited provisions of the Jail's PREA policy:

a.      After Plaintiff returned to the Jail from the Hospital, she was not provided any sort of sexual assault outreach services, but rather, she was, essentially, placed into solitary confinement (typically considered a punishment by correctional institutions) for the remainder of her pre-trial detention at the Jail.

b.      When Plaintiff was initially detained at the Jail as a pre-trial detainee, the Jail failed to conduct a proper inmate screening pursuant to the Jail's PREA policy by, without limitation, failing to conduct an "inmate assessment" and/or a "classification" process whereby Plaintiff's specific risks would have been evaluated by the Jail.

---

[150] *See* Plaintiff's Exhibit 7, p. 4.
[151] *Id.*

118.    Plaintiff is under information and belief that, despite being actually aware, or alternatively, should have been aware of each of the above-cited provisions of the Jail's PREA policy, Defendants failed to substantively adhere to one or more of the same.

119.    Defendants' conscious decision to ignore one or more of the above-cited provisions of the Jail's PREA policy, and Defendants' failure to adhere to the same directly resulted in the Constitutional violations to Plaintiff, as specifically alleged herein.

**c.    Defendant City's PREA Policy.**

120.    Defendant City's PREA policy states that, "[t]his policy provides guidance for complying with the Prison Rape Elimination Act of 2003 (PREA) and the implementing regulation that establishes standards (PREA Rule) to prevent, detect and respond to sexual abuse, harassment and retaliation against detainees in the Belton Police Department Temporary Holding Facilities."[152]

121.    Defendant City's PREA policy specifically prohibits "[a]ny attempt, threat or request by a staff member, contractor or volunteer to engage in the [sexual] activities described [in the policy]."[153]

122.    In addition to Defendant City's PREA policy prohibiting its employees from sexually abusing any third-party, including the Jail's inmates, the policy also prohibits sexual harassment with respect to the same.[154]

---

[152] Plaintiff's Exhibit 7, p. 7.
[153] *Id.* at pp. 7-8.
[154] *Id.* at p. 8.

123.    More specifically, with regard to Defendant City's policy prohibiting its

employees from engaging in sexual harassment, the policy states as follows:

> **Sexual harassment** - Repeated and unwelcome sexual advances;
> requests for sexual favors; verbal comments, gestures or actions of a
> derogatory or offensive sexual nature by one detainee, arrestee or
> resident that are directed toward another; repeated verbal comments
> or gestures of a sexual nature to a detainee, arrestee or resident by a
> staff member, contractor or volunteer, including demeaning
> references to gender, sexually suggestive or derogatory comments
> about body or clothing, or obscene language or gestures.[155]

124.    Defendant City's PREA policy also states that the Police Department:

> …has zero tolerance toward all forms of sexual abuse and sexual
> harassment. The Department will not tolerate retaliation against any
> person who reports sexual abuse or sexual harassment or who
> cooperates with a sexual abuse or sexual harassment investigation.
> The [ ] Police Department will take immediate action to protect
> detainees who are reasonably believed to be subject to a substantial
> risk of imminent sexual abuse.[156]

125.    Additionally, Defendant City's PREA policy states that, "[Defendant Person]

shall appoint an upper-level manager with sufficient time and authority to develop,

implement and oversee department efforts to comply with PREA standards in the Belton

Police Department Temporary Holding Facilities."[157]

126.    Defendant City's PREA policy states that the appointed "…PREA

Coordinator's responsibilities shall include:[158]

---

[155] *Id.* (emphasis in original).
[156] Plaintiff's Exhibit 7, p. 8.
[157] *Id.*
[158] *Id.* at pp. 7-9.

a.    "Developing and maintaining procedures to comply with the PREA Rule."[159]

b.    "Ensuring that any contract for the confinement of Belton Police Department detainees or arrestees includes the requirement to adopt and comply with applicable PREA and the PREA Rule, including the obligation to provide incident-based and aggregated data, as required [under federal regulations related to the same]."[160]

c.    "Developing a staffing plan to provide adequate levels of staffing and video monitoring, where applicable, in order to protect detainees from sexual abuse," and "[t]his includes documenting deviations and the reasons for deviations from the staffing plan, as well as reviewing the staffing plan a minimum of once per year."[161]

d.    "Developing methods for staff to privately report sexual abuse and sexual harassment of detainees."[162]

e.    "Developing a written plan to coordinate response among staff first responders, medical and mental health practitioners, investigators and department leadership to an incident of sexual abuse."[163]

---

[159] *Id.*
[160] *Id.*
[161] Plaintiff's Exhibit 7, pp. 7-8.
[162] *Id.*
[163] *Id.*

f.  "Ensuring a protocol is developed for investigating allegations of sexual abuse in the Temporary Holding Facility," and "[t]he protocol shall include," in relevant part:[164]

i.  "Evidence collection practices that maximize the potential for obtaining usable physical evidence based on the most recent edition of the U.S. Department of Justice's (DOJ) Office on Violence Against Women publication, ~A National Protocol for Sexual Assault Medical Forensic Examinations, Adults/Adolescents or a similarly comprehensive and authoritative protocol."[165]

ii.  "A process to document all referrals to other law enforcement agencies."[166]

iii.  "In accordance with security needs, provisions to permit, to the extent available, detainee access to victim advocacy services if the detainee is transported for a forensic examination to an outside hospital that offers such services."[167]

g.  "Publishing on the department's website" the following:

_____

[164] *Id.*
[165] Plaintiff's Exhibit 7, pp. 7-8.
[166] *Id.*
[167] *Id.*

       i.      "Information on how to report sexual abuse and sexual harassment on behalf of an arrestee."[168]

       ii.     "A protocol describing the responsibilities of the Department and any other investigating agency that will be responsible for conducting sexual abuse or sexual harassment investigations."[169]

h.     "Establishing a process that includes the use of a standardized form and set of definitions to ensure accurate, uniform data is collected for every allegation of sexual abuse at facilities under this agency's direct control," and with regard to the collection of such data:[170]

       i.      "The data collected shall include, at a minimum, the data necessary to answer all questions from the most recent version of the Survey of Sexual Violence, conducted by the DOJ, or any subsequent form developed by DOJ and designated for lockups."[171]

       ii.     "The data shall be aggregated at least annually."[172]

---

[168] *Id.*
[169] *Id.*
[170] Plaintiff's Exhibit 7, pp. 7-9.
[171] *Id.*
[172] *Id.*

i.   "Ensuring audits are conducted pursuant to [applicable federal regulations] for all Temporary Holding Facilities used to house detainees overnight."[173]

j.   "Ensuring contractors or others who work in the Temporary Holding Facility are informed of the agency's zero-tolerance policy regarding sexual abuse and sexual harassment."[174]

127.  Additionally, under Defendant City's PREA policy:

> During intake the Department shall notify all detainees of the zero-tolerance policy regarding sexual abuse and sexual harassment, and of at least one way to report abuse or harassment to a public or private entity that is not part of the Department and that is able to receive and immediately forward detainee reports of sexual abuse and sexual harassment to agency officials. This allows the detainee to remain anonymous.[175]

128.  Whenever there is an allegation by one of the Jail's detainees of sexual assault and/or harassment, Defendant City's PREA policy requires the Jail's assigned investigators to, in relevant part:[176]

a.   "Gather and preserve direct and circumstantial evidence, including any available physical and biological evidence and any available electronic monitoring data."[177]

b.   "Interview alleged victims, suspects and witnesses."[178]

---

[173] *Id.*
[174] *Id.*
[175] Plaintiff's Exhibit 7, p. 10.
[176] *Id.* at p. 12.
[177] *Id.*
[178] *Id.*

c.    "Review any prior complaints and reports of sexual abuse involving the suspect."[179]

d.    "Conduct compelled interviews only after consulting with prosecutors as to whether compelled interviews may be an obstacle for subsequent criminal prosecution."[180]

e.    "Assess the credibility of the alleged victim, suspect or witness on an individual basis and not by the person's status as an arrestee or a member of the Belton Police Department."[181]

f.    "Document in written reports a description of physical, testimonial, documentary and other evidence, the reasoning behind any credibility assessments, and investigative facts and findings."[182]

g.    "Refer allegations of conduct that may be criminal to either [Defendant City's] Prosecutor or [Cass] County Prosecutor for possible prosecution, including any time there is probable cause to believe a detainee sexually abused another detainee in the Temporary Holding Facility."[183]

h.    "Cooperate with outside investigators and remain informed about the progress of any outside investigation."[184]

---

[179] *Id.*
[180] *Id.*
[181] *Id.*
[182] Plaintiff's Exhibit 7, p. 12.
[183] *Id.*
[184] *Id.*

Page 43 of 60

129.    Once investigations into inmate allegations of sexual abuse or harassment

have been completed, Defendant City's PREA policy requires that:

> All completed investigations shall be forwarded to the Chief of Police,
> or if the allegations may reasonably involve the Chief of Police, to the
> City Manager. The Chief of Police or City Manager shall review the
> investigation and determine whether any allegations of sexual abuse
> or sexual harassment have been substantiated by a preponderance of
> the evidence. All personnel shall be subject to disciplinary sanctions
> up to and including termination for violating this policy. Termination
> shall be the presumptive disciplinary sanction for department
> members who have engaged in sexual abuse. All discipline shall be
> commensurate with the nature and circumstances of the acts
> committed, the member's disciplinary history and the sanctions
> imposed
> for comparable offenses by other members with similar histories.
>
> *******
>
> All terminations for violations of this policy, or resignations by
> members who would have been terminated if not for their resignation,
> shall be criminally investigated unless the activity was clearly not
> criminal and reported to any relevant licensing body. Any contractor
> or volunteer who engages in sexual abuse shall be prohibited from
> contact with detainees and reported to any relevant licensing bodies.
> The Chief of Police shall take appropriate remedial measures and
> consider whether to prohibit further contact with detainees by a
> contractor or volunteer.[185]

130.    Defendant City's PREA policy also mandates "incident reviews" with

respect to all complaints of sexual abuse or harassment as follows:

> An incident review shall be conducted at the conclusion of every
> sexual abuse investigation, unless the allegation has been determined
> to be unfounded. The review should occur within 30 days of the
> conclusion of the investigation. The review team shall include upper-
> level management officials and seek input from line supervisors and
> investigators.[186]

---

[185] Plaintiff's Exhibit 7, p. 13.
[186] *Id.* at p. 14.

131. With regard to the specific methods by which such "incident reviews" shall be conducted, Defendant City's PREA policy states that "[t]he review shall:"[187]

    a.   "Consider whether the allegation or investigation indicates a need to change policy or practice to better prevent, detect or respond to sexual abuse."[188]

    b.   "Consider whether the incident or allegation was motivated by race; ethnicity; gender identity; lesbian, gay, bisexual, transgender or intersex identification, status or perceived status; gang affiliation; or was motivated or otherwise caused by other group dynamics at the facility."[189]

    c.   "Examine the area in the facility where the incident allegedly occurred to assess whether physical barriers in the area may enable abuse."[190]

    d.   "Assess the adequacy of staffing levels in that area during different shifts."[191]

    e.   "Assess whether monitoring technology should be deployed or augmented to supplement supervision by staff."[192]

---

[187] Plaintiff's Exhibit 7, p. 14.
[188] *Id.*
[189] *Id.*
[190] *Id.*
[191] *Id.*
[192] *Id.*

Electronically Filed - Cass - November 08, 2022 - 11:04 PM

132.    Also, with respect to the findings reached in any incident reviews, Department City's PREA policy states that:

> The review team shall prepare a report of its findings, including any determinations made pursuant to this section and any recommendations for improvement. The report shall be submitted to the Chief of Police and the PREA Coordinator. The Chief of Police or the authorized designee shall implement the recommendations for improvement or shall document the reasons for not doing so.[193]

133.    Continuing, Department City's PREA policy mandates the following with respect to what it refers to as "data reviews:"[194]

> The facility shall conduct an annual review of collected and aggregated incident-based sexual abuse data. The review should include, as needed, data from incident-based documents, including reports, investigation files and sexual abuse incident reviews.[195]

134.    The policy then specifically states that, "[t]he purpose of these reviews is to assess and improve the effectiveness of sexual abuse prevention, detection and response policies, practices and training. An annual report shall be prepared that includes," in relevant part, the following:[196]

    a.    "Identification of any potential problem areas."[197]

    b.    "Identification of any corrective actions taken."[198]

    c.    "Recommendations for any additional corrective actions."[199]

---

[193] Plaintiff's Exhibit 7, p. 14.
[194] *Id.*
[195] *Id.*
[196] *Id.*
[197] *Id.*
[198] *Id.*
[199] *Id.*

    d.     "A comparison of the current year's data and corrective actions with those from prior years."[200]

    e.     "An assessment of the Department's progress in addressing sexual abuse."[201]

135.    Defendant City's PREA policy then mandates that:

> The report shall be approved by the Chief of Police and made readily available to the public through the department website or, if it does not have one, through other means. Material may be redacted from the reports when publication would present a clear and specific threat to the safety and security of the Temporary Holding Facility. However, the nature of the redacted material shall be indicated.

<center>*******</center>

> All aggregated sexual abuse data from Belton Police Department facilities and private facilities with which it contracts shall be made readily available to the public at least annually through the department website or, if it does not have one, through other means. Before making aggregated sexual abuse data publicly available, all personal identifiers shall be removed.[202]

136.    With regard to document retention as to any investigation conducted into an inmate's allegations of sexual abuse or harassment, Defendant City's PREA policy mandates that:

> The Department shall retain all written reports from administrative and criminal investigations pursuant to this policy for as long as the alleged abuser is held or employed by the Department, plus five years. All other data collected pursuant to this policy shall be securely retained for at least 10 years after the date of the initial collection unless federal, state or local law requires otherwise.[203]

---

[200] Plaintiff's Exhibit 7, p. 14.
[201] *Id.*
[202] Plaintiff's Exhibit 7, pp. 14-15.
[203] *Id.* at p. 15.

137.    With regard to Defendant City training Defendant City's employees, including those employed at the Jail, Defendant City's PREA policy, it states the following:

> All employees, volunteers and contractors who may have contact with detainees shall receive department-approved training on the prevention and detection of sexual abuse and sexual harassment within this facility. The Training Officer shall be responsible for developing and administering this training as appropriate...[204]

138.    The aforementioned mandatory PREA training for Defendant City's employees, including those employed at the Jail, must, at a minimum, include the following:[205]

> a.    "The Department's zero-tolerance policy and detainees' right to be free from sexual abuse and sexual harassment, and from retaliation for reporting sexual abuse or harassment."[206]
>
> b.    "The dynamics of sexual abuse and harassment in confinement settings, including which detainees are most vulnerable."[207]
>
> c.    "The right of detainees and staff members to be free from sexual abuse and sexual harassment, and from retaliation for reporting sexual abuse or harassment."[208]
>
> d.    "Detecting and responding to signs of threatened and actual abuse."[209]

---

[204] Plaintiff's Exhibit 7, p. 15.
[205] *Id.* at pp. 15-16.
[206] *Id.*
[207] *Id.*
[208] *Id.*
[209] *Id.*

e.    "Communicating effectively and professionally with all detainees."[210]

f.    "Compliance with relevant laws related to mandatory reporting of sexual abuse to outside authorities."[211]

139.    Defendant City's PREA policy mandates that, "[i]nvestigators assigned to sexual abuse investigations shall also receive training in conducting such investigations in confinement settings," which shall include:[212]

a.    "Techniques for interviewing sexual assault victims."[213]

b.    "Proper use of *Miranda* and *Garrity* warnings."[214]

c.    "Sexual abuse evidence collection in confinement settings."[215]

d.    "Criteria and evidence required to substantiate a case for administrative action or prosecution referral."[216]

140.    Plaintiff is under information and belief that, despite being actually aware, or alternatively, should have been aware of each of the above-cited provisions of Defendant City's PREA policy, Defendants failed to substantively adhere to one or more of the same.

141.    Defendants' conscious decision to ignore one or more of the above-cited provisions of Defendant City's PREA policy, and Defendants' failure to adhere to the same directly resulted in the Constitutional violations to Plaintiff, as specifically alleged herein.

---

[210] Plaintiff's Exhibit 7, pp. 15-16.
[211] *Id.*
[212] *Id.*
[213] *Id.*
[214] *Id.* (emphasis in original).
[215] *Id.*
[216] *Id.*

**COUNT I:**
**VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE EIGHTH AND/OR**
**FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**
**TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT,**
**COGNIZABLE UNDER 42 U.S.C. § 1983**
**(As to All Defendants)**

142.     For the reasons set forth in more detail above, Defendants' conduct caused Plaintiff to suffer objectively serious injuries.

143.     More specifically, Plaintiff suffered and continues to suffer from severe emotional harm, including garden-variety emotional distress, as a direct result of, without limitation, Defendant Wilbourn:

   a.     Sexual assaulting Plaintiff on or about November 11, 2017.

   b.     Lying to investigators, including the Detectives, about his lack of culpability with regard to sexually assaulting Plaintiff on or about November 11, 2017.

   c.     Forcing Plaintiff to experience the additional emotional trauma of enduring a criminal jury trial related to Defendant Wilbourn having sexually assaulted Plaintiff on or about November 11, 2017.

144.     Defendant Wilbourn's conduct in this regard was unnecessary and constituted a wanton infliction of pain upon Plaintiff's person.

145.     As stated above, Plaintiff did not consent to Defendant Wilbourn's undisputed sexual activity with Plaintiff, including sexual intercourse.

146.   More specifically, and as also stated above, on multiple occasions, Plaintiff explicitly told Defendant Wilbourn that Plaintiff **was not** consenting to **any** form of sexual activity with Defendant Wilbourn.

147.   Regardless, as specifically alleged above, Defendant Wilbourn used his position of power as a directly supervising correctional officer to mentally coerce Plaintiff into providing Defendant Wilbourn with unwanted sexual favors, including sexual intercourse.

148.   Engaging in non-consensual sexual activity, including sexual intercourse, with Plaintiff constitutes a clearly established law under Missouri law.

149.   To that end, any reasonable corrections officer would have known at the time Defendant Wilbourn is alleged to have sexually assaulted Plaintiff (i.e., November 11, 2017) that, such conduct, would have violated Plaintiff's rights under the U.S. Constitution.

150.   Moreover, as a correctional officer, Defendant Wilbourn's acknowledgement to engaging in sexual activity, including sexual intercourse, with Plaintiff, constituted a *per se* violation of RSMo. § 566.145.

151.   Thus, Plaintiff was statutorily incapable of consenting to the undisputed sexual activity, including sexual intercourse, with Defendant Wilbourn.

152.   Under the circumstances describe herein, Defendant Wilbourn's conduct towards Plaintiff constituted an unjustifiable government interest, and it is well-established

in the Eighth (federal) Circuit that "...rape falls at the extreme end of the scale of egregious conduct by state actor," thus justifying an award of punitive damages against Defendants.[217]

153.    Additionally, Plaintiff suffered and continues to suffer from severe emotional harm, including garden-variety emotional distress, as a direct result of Defendant Chief's and Defendant City's conduct, including, without limitation:

a.    Plaintiff is under information and belief that, at all times relevant herein, Defendant Chief was one or the only person with policymaking authority over the Jail's customs, practices, policies, and/or procedures—customs, practices, policies, and/or procedures that, as alleged herein, directly and proximately resulted in the deprivation of Plaintiff's Constitutional Rights.

b.    Despite knowing or should have knowing that, pursuant to RSMo. § 566.145, the Jail's correctional officers, including Defendant Wilbourn, are statutorily prohibited from engaging in any form of sexual contact with inmates, the Jail's policies fail to specifically prohibit said behavior.[218]

c.    Defendant City's (*vis-à-vis* the Jail's policymaker, Defendant Chief) failed to properly train and/or supervise the Jail's employees, including Defendant Wilbourn, as specifically enumerated herein.

---

[217] *See Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 797 (8th Cir. 1998).
[218] *See generally* attached "Plaintiff's Exhibit 7—The Jail's "Prison Rape Elimination Act" ("PREA") training manual; *see also* Plaintiff's Exhibit 7, pp. 1-16.

d.     Defendant City's (*vis-à-vis* the Jail's policymaker, Defendant Chief) failed to ensure that the Jail possessed, or alternatively, ensured compliance with, practices, policies, and/or procedures ensuring that the Jail's female inmates, including Plaintiff, were supervised by female correctional officers.

e.     Likewise, Defendant City's (*vis-à-vis* the Jail's policymaker, Defendant Chief) failed to ensure that the Jail possessed, or alternatively, ensured compliance with, practices, policies, and/or procedures which, particularly during the middle of the night, would ensure that the Jail's male correctional officers were unable to engage in unlawful sexual activity (including non-consensual sexual assault) with the Jail's female inmates, including Plaintiff.

154.    For the reasons specifically enumerated herein, Defendants acted with deliberate indifference or a reckless disregard towards Plaintiff's constitutional rights, health, and/or safety.

155.    Thus, Defendants' actions and/or omissions were, among other unlawful reasons, the result of the Jail's official customs, practices, policies, and/or procedures (*vis-à-vis* the Jail's policymaker, Defendant Weber), as specifically enumerated herein.

156.    By way of example, the Jail's male correctional officers, including Defendant Wilbourn, had unfettered access to the female inmate's sleeping areas, including during the nighttime when, oftentimes, only one correctional officer was on-duty in said areas.

157.    Moreover, any reasonable correctional institute's policymaker, including Defendant Chief, would have been aware that, by failing to make and/or enforce common sense policies ensuring that the Jail's male correctional officers have reasonable restrictions on their ability to have unfettered (and unsupervised) access to the female inmates' sleeping areas, particularly during nighttime.

158.    As a direct result of Defendants' deliberate indifference, Plaintiff sustained serious psychological trauma, including "garden-variety" emotional distress.

159.    At all relevant times herein, and for the factual basis discussed in detail above, Defendants were acting under the color of state law.

160.    Also, for the factual reasons discussed in detail above, Defendant Chief is not entitled to qualified, absolute, or any other form of legal immunity for his individual actions as alleged herein.

161.    For the reasons set forth herein, Defendants' conduct was willful, wanton, and malicious, and/or showed a complete or conscious and reckless disregard for Plaintiff's rights, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or deter them and others similarly situated from such conduct in the future.

162.    Plaintiff is entitled to the awarding of his reasonable attorneys' fees and court costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest as allowed by law; and for such other and further relief deemed just and proper.

Electronically Filed - Cass - November 08, 2022 - 11:04 PM

## COUNT II:
## VIOLATION OF PLAINTIFF'S SUBSTANTITVE DUE PROCESS RIGHTS TO PRIVACY AND BODILY INTEGRITY UNDER THE EIGHTH AND/OR FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. § 1983
### (As to All Defendants)

163.    All Defendants, at all times relevant hereto, were acting under the color of law in their individual and official capacity as city officials, and their acts and/or omissions were conducted within the scope of their official duties and employment.

164.    Plaintiff has a clearly established right to bodily integrity under the Fourteenth Amendment.

165.    At all times relevant hereto, that right to bodily integrity is and has been well established.

166.    In sexually assaulting and raping the Plaintiff, Defendant Wilbourn violated Plaintiff's right to bodily integrity.

167.    In allowing Defendant Wilbourn to rape and sexually assault the Plaintiff, the remaining Defendants City and Chief violated Plaintiff's right to bodily integrity, insofar as Defendants City and Chief failed to protect Plaintiff from a foreseeable risk of harm.

168.    As a result of Defendants' actions and/or omissions, Plaintiffs suffered bodily harm and her right to bodily integrity was violated.

169.    Defendant Wilbourn's actions were malicious, reckless, and/or were made with deliberate indifference to Plaintiff's constitutional rights. Defendant Wilbourn engaged in the acts of rape and sexual assault willfully, maliciously, in bad faith, and/or in reckless disregard for Plaintiff's constitutional rights.

170.    Defendants City and Chief's actions were malicious, reckless, and/or were made with deliberate indifference to Plaintiff's constitutional rights. Defendants City and Chief failed to protect Plaintiff from Wilbourn's foreseeable rape and sexual assault.

171.    Defendants' actions shock the conscience of Plaintiff and any reasonable person.

172.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered injuries.

173.    As a direct and proximate result of Defendants' conduct and/or failures to act, Plaintiff suffered past, present, and future personal injuries, including but not limited to physical pain, suffering, mental anguish, fright, shock, embarrassment, and humiliation.

174.    Also, for the factual reasons discussed in detail above, Defendant Chief is not entitled to qualified, absolute, or any other form of legal immunity for his individual actions as alleged herein.

175.    For the reasons set forth herein, Defendants' conduct was willful, wanton, and malicious, and/or showed a complete or conscious and reckless disregard for Plaintiff's rights, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or deter them and others similarly situated from such conduct in the future.

176.    Plaintiff is entitled to the awarding of his reasonable attorneys' fees and court costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in an amount in excess of $25,000.00 as is

deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest as allowed by law; and for such other and further relief deemed just and proper.

<div align="center">

**COUNT III:**
**FAILURE TO PROTECT PLAINTIFF FROM SEXUAL ASSAULT, THUS**
**DEPRIVING PLAINTIFF OF HER RIGHTS UNDER THE EIGHT AND/OR**
**FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION,**
**COGNIZABLE UNDER 42 U.S.C. § 1983**
**(As to All Defendants)**

</div>

177.    As alleged herein, Defendants knew or, at a minimum, certainly should have known of the substantial risk of harm to the Jail's female inmates as a result of the reasons specifically enumerated herein.

178.    As a result, Defendants knew or, at a minimum, certainly should have known that said failures by the Jail substantially increased the risk of placing female inmates in situations that significantly increased the likelihood that they could be subjected to a sexual assault by one of the Jail's correctional officers.

179.    Moreover, Defendant City (*vis-à-vis* the Jail) had a duty to instruct, supervise, and/or train their employees and agents, including the Jail's correctional officers, in, among other things, the customs, policies, procedures, and/or protocols as specifically set forth herein.

180.    However, despite knowing that the Jail's customs, policies, procedures, and/or protocols, as specifically set forth herein, significantly increased the risk of serious bodily harm, including sexual assaults, to the Jail's female inmates, including Plaintiff.

<div align="center">

Page 57 of 60

</div>

181.    By way of example, Defendants acted with deliberate indifference to the safety needs of the Jail's female inmates, including Plaintiff, by failing to instruct, supervise, and/or train the Jail's employees and agents in such a manner as to prevent the Jail's male correctional officers from having unfettered access to the female inmates' housing areas, particularly while alone and during the night, thus endangering Plaintiff's health and well-being.

182.    Thus, Defendants acted with a reckless indifference and deliberate indifference towards Plaintiff's rights, as set forth herein.

183.    Plaintiff is under information and belief that, at all times relevant herein:

a.    Defendant Person had exclusive policymaking authority, or at a minimum, was a policymaker, with authority over the Jail's customs, practices, policies, and/or procedures—customs, practices, policies, and/or procedures that, as alleged herein, directly and proximately resulted in the deprivation of Plaintiff's Constitutional rights.

b.    Defendant City's policymaker(s)' policies, procedures, and/or customs, as alleged herein, directly and proximately resulted in the deprivation of Plaintiff's Constitutional rights.

184.    Defendants' actions and/or omissions were, among other unlawful reasons, the result of the Defendant City's and the Jail's respective official customs, practices, policies, and/or procedures (*vis-à-vis* Defendant City's policymakers, Defendant Person and/or Defendant City's other policymakers), as specifically enumerated herein.

185.     Moreover, Defendants consciously failed to take reasonable measures to prevent Plaintiff's sexual assault.

186.     For the reasons specifically enumerated herein, Defendants could easily have taken remedial action which would have prevented Plaintiff from being sexually assaulted by one of the Jail's correction's officers by, without limitation, preventing individual male correction's officers from having unfettered access to the Jail's female inmates' sleeping areas, particularly during the overnight hours.

187.     Moreover, Defendants had no legitimate safety or security reason for having failed to take such appropriate remedial action.

188.     Thus, Defendants acted with deliberate indifference to Plaintiff's rights, as specifically set forth herein.

189.     Moreover, any reasonable correctional institute's policymaker, including Defendant Chief, would have been aware that, by failing to make and/or enforce common sense policies ensuring that the Jail's male correctional officers have reasonable restrictions on their ability to have unfettered (and unsupervised) access to the female inmates' sleeping areas, particularly during nighttime.

190.     As a direct result of Defendants' deliberate indifference, Plaintiff sustained serious psychological trauma, including "garden-variety" emotional distress.

191.     At all relevant times herein, and for the factual basis discussed in detail above, Defendants were acting under the color of state law.

192.    Also, for the factual reasons discussed in detail above, Defendant Chief is not entitled to qualified, absolute, or any other form of legal immunity for his individual actions as alleged herein.

193.    For the reasons set forth herein, Defendants' conduct was willful, wanton, and malicious, and/or showed a complete or conscious and reckless disregard for Plaintiff's rights, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or deter them and others similarly situated from such conduct in the future.

194.    Plaintiff is entitled to the awarding of his reasonable attorneys' fees and court costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest as allowed by law; and for such other and further relief deemed just and proper.

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

/s/ Jeremy D. Hollingshead
Jeremy D. Hollingshead #60447
Nicholas J. Dudley #62860
14323 South Outer 40 Rd
Ste 204N
Town & Country, MO 63017
jhollingshead@hdtriallawyers.com
ndudley@hdtriallawyers.com



# IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>WILLIAM B COLLINS | **Case Number: 22CA-CC00294** |
| Plaintiff/Petitioner:<br>NATASHA MCGREW | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS JUSTIN DUDLEY<br>1824 N BLUE MILLS RD<br>INDEPENDENCE, MO 64058 |
| vs. | |
| Defendant/Respondent:<br>EMMANUEL WILBOURN ET AL | Court Address:<br>Cass County Justice Center |
| Nature of Suit:<br>CC Other Tort | 2501 West Mechanic<br>HARRISONVILLE, MO 64701 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: CITY OF BELTON
Alias:

**500 MAIN ST**
**BELTON, MO 64012**



*COURT SEAL OF*

*CASS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____*11/9/2022*_____      */s/ Kim York, Circuit Clerk/clm*
Date                                                    Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
Date                                                    Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>WILLIAM B COLLINS | **Case Number: 22CA-CC00294** |
| Plaintiff/Petitioner:<br>NATASHA MCGREW<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS JUSTIN DUDLEY<br>1824 N BLUE MILLS RD<br>INDEPENDENCE, MO 64058 |
| Defendant/Respondent:<br>EMMANUEL WILBOURN ET AL | Court Address:<br>Cass County Justice Center |
| Nature of Suit:<br>CC Other Tort | 2501 West Mechanic<br>HARRISONVILLE, MO 64701 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: JAMES PERSON
   Alias:

**500 MAIN ST**
**BELTON, MO 64012**

*COURT SEAL OF*



*CASS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____*11/9/2022*_____ /s/ *Kim York, Circuit Clerk/clm*
          Date                              Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
   Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
          Subscribed and sworn to before me on _____ (date).

*(Seal)*

          My commission expires: _____          _____
                                        Date                                Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) For Court Use Only: Document ID # 22-SMCC-596 1 of 1 (22CA-CC00294) — Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:25-cv-00525-LMC   Document 1-2   Filed 07/10/25   Page 65 of 108



# IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>WILLIAM B COLLINS | Case Number: 22CA-CC00294 |
| Plaintiff/Petitioner:<br>NATASHA MCGREW | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS JUSTIN DUDLEY<br>1824 N BLUE MILLS RD<br>INDEPENDENCE, MO 64058 |
| vs. | |
| Defendant/Respondent:<br>EMMANUEL WILBOURN ET AL | Court Address:<br>Cass County Justice Center<br>2501 West Mechanic<br>HARRISONVILLE, MO 64701 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **EMMANUEL WILBOURN**
        **Alias:**

**712 SECOND STREET**
**BELTON, MO 64012**

*COURT SEAL OF*



*CASS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

      ___ *11/9/2022* ___ */s/ Kim York, Circuit Clerk/clm*
          Date                               Clerk

    Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
     Printed Name of Sheriff or Server                Signature of Sheriff or Server

        **Must be sworn before a notary public if not served by an authorized officer:**

        Subscribed and sworn to before me on _____ (date).

*(Seal)*

        My commission expires: _____    _____
                            Date                        Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only*: Document ID # 22-SMCC-593 1 of 1 (22CA-CC00294) Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00525-LMC    Document 1-2    Filed 07/10/25    Page 66 of 108

**IN THE CIRCUIT COURT OF CASS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| NATASHA MCGREW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22CA-CC00294 |
| v. | ) | |
| | ) | |
| | ) | |
| CITY OF BELTON, Missouri, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER**
**AND REQUEST FOR ISSUANCE OF ALIAS SUMMONS**

COMES NOW Plaintiff, by and through undersigned counsel, and hereby moves this Court for the approval and appointment of Susan ("Lett") as a private process server in the above-captioned cause of action and for the Court to issue alias summons to Defendants City of Belton, Missouri; Emmanuel Brian Wilbourn; and Chief James Person. In support of said motion, Plaintiffs state that Lett is over the age of twenty-one, is not related to or an employee of the party requesting the appointment and is of good moral character.

WHEREFORE, Plaintiff prays this Court enter an Order appointing Susan Lett as a private process server in the above-captioned cause of action; for the Court to issue an alias summons to Defendants City of Belton, Missouri; Emmanuel Brian Wilbourn; and Chief James Person; and for any and all other relief the Court deems just and proper under the circumstances.

Date: August 30, 2023

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

/s/ *Jeremy D. Hollingshead*

Jeremy D. Hollingshead, #60447
Nicholas J. Dudley, #62860
14323 S. Outer 40 Rd., Ste. 204N
Town & Country, Missouri 63017
Telephone:   (314) 480-5474
Facsimile:   (314) 667-4798
Email:       jhollingshead@hdtriallawyers.com
             ndudley@hdtriallawyers.com

CO-COUNSEL FOR PLAINTIFF

**IN THE CIRCUIT COURT OF CASS COUNTY**
**STATE OF MISSOURI**

FILED

09/01/2023

Kim York
CLERK, CIRCUIT COURT
CASS COUNTY

NATASHA MCGREW,                    )
                                   )
        Plaintiff,                 )
                                   )       Case No. 22CA-CC00294
        v.                         )
                                   )       Div.   1
                                   )
CITY OF BELTON, MISSOURI, et al.,  )
                                   )
        Defendants.                )

## ORDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff's

Motion for Approval and Appointment of Special Process Server is granted and Susan Lett

is hereby approved and appointed to serve process as to all named Defendants in the above-

captioned matter.

SO ORDERED this the ___1ST___ day of ~~AUGUST~~ SEPTEMBER, 2023.


_/s/ Kim York/clm_____
Honorable Stacey Lett
Cass County Circuit Court Judge
Division 1

Page 1 of 2

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

/s/ *Jeremy D. Hollingshead*
Jeremy D. Hollingshead, #60447
Nicholas J. Dudley, #62860
14323 S. Outer 40 Rd., Ste. 204N
Town & Country, Missouri 63017
Telephone:    (314) 480-5474
Facsimile:    (314) 667-4798
Email:        jhollingshead@hdtriallawyers.com
              ndudley@hdtriallawyers.com

CO-COUNSEL FOR PLAINTIFF

In The 17th Judicial Circuit Court, Cass County, Missouri
CASS COUNTY JUSTICE CENTER, 2501 WEST MECHANIC, HARRISONVILLE, MISSOURI 64701

**NATASHA MCGREW V EMMANUEL WILBOURN ET AL**                    **CASE NO : 22CA-CC00294**

To:     File

YOU ARE HEREBY NOTIFIED that the court duly entered the following:

| <u>Filing Date</u> | <u>Description</u> |
|---|---|
| 12-Nov-2024 | Notice |

Notice of Entry sent this date to Parties.

Dismissal Hearing Scheduled
CAUSE SET FOR DISMISSAL FOR WANT OF PROSECUTION
Scheduled For: 02-Dec-2024 9:00 AM; STACEY LETT; DIVISION I COURTROOM; Cass
CAUSE SET FOR DISMISSAL FOR WANT OF PROSECUTION
Event Location:   Cass County Justice Center,2501 West Mechanic,Harrisonville, Mo

/s/ Kim York/tf
_____
Clerk of Court

CC:     File
        CITY OF BELTON
        EMMANUEL WILBOURN
        JAMES PERSON
        NATASHA MCGREW
ECC:    NICHOLAS JUSTIN DUDLEY

Date Printed : 12-Nov-2024

For additional information on your case, please check Case.Net at www.courts.mo.gov/casenet
V17.1
Case 4:25-cv-00525-LMC     Document 1-2     Filed 07/10/25     Page 71 of 108

KIM YORK
CASS COUNTY CIRCUIT CLERK
2501 W. MECHANIC
HARRISONVILLE MO 64701

Unknown

RTS

FILED
NOV 2 0 2024
CASS COUNTY CIRCUIT CLERK

FIRST-CLASS



US POSTAGE PB PITNEY BOWES

ZIP 64701
02 7H
0006204943

$ 000.69⁰
NOV 15 2024

64701>7.804

NIXIE          641     DE 1          0011/23/24

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC:  6470178040 1         *0528-03095-19-26

cv-00525-LMC     Document 1-2     Filed 07/10/25     Page

## NOTICE OF ENTRY
(SUPREME COURT RULE 74.03)

### In The 17th Judicial Circuit Court, Cass County, Missouri
CASS COUNTY JUSTICE CENTER, 2501 WEST MECHANIC, HARRISONVILLE, MISSOURI 64701

**NATASHA MCGREW V EMMANUEL WILBOURN ET AL**                    **CASE NO : 22CA-CC00294**

To:     JAMES PERSON
        500 MAIN ST
        BELTON MO  64012

YOU ARE HEREBY NOTIFIED that the court duly entered the following:

| Filing Date | Description |
|---|---|
| 12-Nov-2024 | Notice |
| | Notice of Entry sent this date to Parties. |
| | |
| | Dismissal Hearing Scheduled |
| | CAUSE SET FOR DISMISSAL FOR WANT OF PROSECUTION |
| | Scheduled For: 02-Dec-2024 9:00 AM; STACEY LETT; DIVISION I COURTROOM; Cass |
| | CAUSE SET FOR DISMISSAL FOR WANT OF PROSECUTION |
| | Event Location:   Cass County Justice Center,2501 West Mechanic,Harrisonville, Mo |

_____
                                Clerk of Court

CC:       File
          CITY OF BELTON
          EMMANUEL WILBOURN
          JAMES PERSON
          NATASHA MCGREW
ECC:      NICHOLAS JUSTIN DUDLEY
Date Printed : 12-Nov-2024

Electronically Filed - CASS - January 21, 2025 - 02:44 PM

**IN THE CIRCUIT COURT OF CASS COUNTY**
**STATE OF MISSOURI**

NATASHA MCGREW,                              )
                                             )
                    Plaintiff,               )
                                             )        Case No. 22CA-CC00294
          v.                                 )
                                             )
                                             )
CITY OF BELTON, Missouri, et al.,            )
                                             )
                    Defendants.              )

<u>**MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER**</u>
<u>**AND REQUEST FOR ISSUANCE OF ALIAS SUMMONS**</u>

COMES NOW Plaintiff, by and through undersigned counsel, and hereby moves this Court for the approval and appointment of Susan ("Lett") as a private process server in the above-captioned cause of action and for the Court to issue alias summons to Defendants City of Belton, Missouri; Emmanuel Brian Wilbourn; and Chief James Person. In support of said motion, Plaintiffs state that Lett is over the age of twenty-one, is not related to or an employee of the party requesting the appointment and is of good moral character.

WHEREFORE, Plaintiff prays this Court enter an Order appointing Susan Lett as a private process server in the above-captioned cause of action; for the Court to issue an alias summons to Defendants City of Belton, Missouri; Emmanuel Brian Wilbourn; and Chief James Person; and for any and all other relief the Court deems just and proper under the circumstances.

Date:  January 21, 2025

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

/s/ *Jeremy D. Hollingshead*
Jeremy D. Hollingshead, #60447
Nicholas J. Dudley, #62860
14323 S. Outer 40 Rd., Ste. 204N
Town & Country, Missouri 63017
Telephone:     (314) 480-5474
Facsimile:      (314) 667-4798
Email:          jhollingshead@hdtriallawyers.com
                 ndudley@hdtriallawyers.com

CO-COUNSEL FOR PLAINTIFF

**IN THE CIRCUIT COURT OF CASS COUNTY**
**STATE OF MISSOURI**

NATASHA MCGREW,                                    )
                                                   )
        Plaintiff,                           )
                                                   )          Case No. 22CA-CC00294
        v.                                   )
                                                   )
                                                   )
CITY OF BELTON, Missouri, et al.,                  )
                                                   )
        Defendants.                          )

**REQUEST FOR ALIAS SUMMONS**

COMES NOW Plaintiffs, by and through undersigned counsel, and hereby request that an alias summons be issued for **Defendants City of Belton (Missouri), James Person, and Emmanuel Wilbourn** in the above-captioned cause of action for the reason that the original summons issued by the Court have now expired before service could be effectuated. The expiration of said summons was due to a clerical error at undersigned counsel's office and was not designed to impede the prosecution of the above-captioned cause of action or to prejudice Defendants.

WHEREFORE, Plaintiffs respectfully request that this Court issue an alias summons for **Defendants City of Belton (Missouri)** (serve at 500 Main Street, Belton, MO 64012)**, James Person** (serve at 500 Main Street, Belton, MO 64012)**, and Emmanuel Wilbourn** (serve at 712 Second Street, Belton, MO 64012) and for any such further relief the Court deems just and proper under the circumstances.

Page 1 of 2

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

/s/ *Jeremy D. Hollingshead*

Jeremy D. Hollingshead, #60447
Nicholas J. Dudley, #62860
14323 S. Outer 40 Rd., Ste. 204N
Town & Country, Missouri 63017
Telephone:    (314) 480-5474
Facsimile:    (314) 667-4798
Email:        jhollingshead@hdtriallawyers.com
              ndudley@hdtriallawyers.com

ATTORNEYS FOR PLAINTIFFS

Page 2 of 2



# Summons in Civil Case

IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| Judge or Division:<br>STACEY LETT | Case Number: 22CA-CC00294 | |
|---|---|---|
| Plaintiff/Petitioner:<br>NATASHA MCGREW<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS JUSTIN DUDLEY<br>1824 N BLUE MILLS RD<br>INDEPENDENCE, MO 64058 | |
| Defendant/Respondent:<br>EMMANUEL WILBOURN | Court Address:<br>CASS COUNTY JUSTICE CENTER<br>2501 WEST MECHANIC<br>HARRISONVILLE, MO 64701 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

The State of Missouri to:     CITY OF BELTON
                              Alias:

**500 MAIN ST**
**BELTON, MO  64012**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**CASS COUNTY**

| 22-JAN-2025 | KIM YORK/clm |
|---|---|
| Date | Clerk |

**Further Information:**

SJRC (10-24) SM30 (SMCC) *For Court Use Only:* Document ID # 25-SMCC-47     1 of 2 (22CA-CC00294)     Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4.25-cv-00525-LMC     Document 1-2     Filed 07/10/25     Page 78 of 108

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode/permanent residence of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____     _____
Printed Name of Officer or Server          Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                          Date                    Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (10-24) SM30 (SMCC) *For Court Use Only:* **Document ID # 25-SMCC-47** 2 of 2 (22CA-CC00294) — Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:25-cv-00525-LMC   Document 1-2   Filed 07/10/25   Page 79 of 108



# Summons in Civil Case

IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| Judge or Division:<br>STACEY LETT | Case Number: 22CA-CC00294 | |
|---|---|---|
| Plaintiff/Petitioner:<br>NATASHA MCGREW | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS JUSTIN DUDLEY<br>1824 N BLUE MILLS RD<br>INDEPENDENCE, MO 64058 | |
| vs. | | |
| Defendant/Respondent:<br>EMMANUEL WILBOURN | Court Address:<br>CASS COUNTY JUSTICE CENTER<br>2501 WEST MECHANIC<br>HARRISONVILLE, MO 64701 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:** **JAMES PERSON**
**Alias:**

**500 MAIN ST**
**BELTON, MO 64012**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**CASS COUNTY**

| 22-JAN-2025 | KIM YORK/clm |
|---|---|
| Date | Clerk |

**Further Information:**

SJRC (10-24) SM30 (SMCC) *For Court Use Only:* Document ID # 25-SMCC-16    1 of 2 (22CA-CC00294) — Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4.25-cv-00525-LMC    Document 1-2    Filed 07/10/25    Page 80 of 108

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode/permanent residence of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____

                                           Date                      Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (10-24) SM30 (SMCC) *For Court Use Only:* Document ID # 25-SMCC-46 - 2 of 2 (22CA-CC00294) — Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:25-cv-00525-LMC   Document 1-2   Filed 07/10/25   Page 81 of 108



# Summons in Civil Case

IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| Judge or Division:<br>STACEY LETT | Case Number: 22CA-CC00294 | |
|---|---|---|
| Plaintiff/Petitioner:<br>NATASHA MCGREW<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS JUSTIN DUDLEY<br>1824 N BLUE MILLS RD<br>INDEPENDENCE, MO 64058 | |
| Defendant/Respondent:<br>EMMANUEL WILBOURN | Court Address:<br>CASS COUNTY JUSTICE CENTER<br>2501 WEST MECHANIC<br>HARRISONVILLE, MO 64701 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:**   **EMMANUEL WILBOURN**
                      **Alias:**

**712 SECOND STREET**
**BELTON, MO 64012**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*CASS COUNTY*

| 22-JAN-2025 | KIM YORK/clm |
|---|---|
| Date | Clerk |

**Further Information:**

SJRC (10-24) SM30 (SMCC) *For Court Use Only:* **Document ID # 25-SMCC-48** 1 of 2 (22CA-CC00294) — Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:25-cv-00525-LMC    Document 1-2    Filed 07/10/25    Page 82 of 108

# Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode/permanent residence of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____  _____
                                        Date                              Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**IN THE CIRCUIT COURT OF CASS COUNTY**
**STATE OF MISSOURI**

**FILED**

01/22/2025

Kim York
CLERK, CIRCUIT COURT
CASS COUNTY

NATASHA MCGREW,          )
                            )
        Plaintiff,     )
                            )    Case No. 22CA-CC00294
    v.                )
                            )    Div.   1
                            )
CITY OF BELTON, MISSOURI, et al.,  )
                            )
        Defendants.   )

## ORDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff's

Motion for Approval and Appointment of Special Process Server is granted and Susan Lett

is hereby approved and appointed to serve process as to all named Defendants in the above-

captioned matter.

SO ORDERED this the 22nd day of January, 2025.

/s/ Kim York/clm
_____

XXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXX
KIM YORK
CASS COUNTY CIRCUIT CLERK

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

/s/ *Jeremy D. Hollingshead*
Jeremy D. Hollingshead, #60447
Nicholas J. Dudley, #62860
14323 S. Outer 40 Rd., Ste. 204N
Town & Country, Missouri 63017
Telephone:    (314) 480-5474
Facsimile:    (314) 667-4798
Email:        jhollingshead@hdtriallawyers.com
              ndudley@hdtriallawyers.com

CO-COUNSEL FOR PLAINTIFF



**IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>WILLIAM B COLLINS | Case Number: 22CA-CC00294 |
| Plaintiff/Petitioner:<br>NATASHA MCGREW<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS JUSTIN DUDLEY<br>1824 N BLUE MILLS RD<br>INDEPENDENCE, MO 64058 |
| Defendant/Respondent:<br>EMMANUEL WILBOURN ET AL | Court Address:<br>Cass County Justice Center |
| Nature of Suit:<br>CC Other Tort | 2501 West Mechanic<br>HARRISONVILLE, MO 64701 (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: CITY OF BELTON
    Alias:

**500 MAIN ST**
**BELTON, MO 64012**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*CASS COUNTY*

_____11/9/2022_____    _/s/ Kim York, Circuit Clerk/clm_
        Date                                    Clerk
Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ NON-EST _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                                            Date                                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI**

| Judge or Division:<br>WILLIAM B COLLINS | Case Number: 22CA-CC00294 |
|---|---|
| Plaintiff/Petitioner:<br>NATASHA MCGREW | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS JUSTIN DUDLEY<br>1824 N BLUE MILLS RD<br>INDEPENDENCE, MO 64058 |
| vs. | |
| Defendant/Respondent:<br>EMMANUEL WILBOURN ET AL | Court Address:<br>Cass County Justice Center |
| Nature of Suit:<br>CC Other Tort | 2501 West Mechanic<br>HARRISONVILLE, MO 64701 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: JAMES PERSON
Alias:

**500 MAIN ST**
**BELTON, MO 64012**

COURT SEAL OF

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

CASS COUNTY

____11/9/2022____    /s/ Kim York, Circuit Clerk/clm

Date                          Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____NON-EST_____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____          _____
                              Date                              Notary Public

**Sheriff's Fees, if applicable**

| Summons | $_____ |
|---|---|
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 22-SMCC-596** 1 of 1 (22CA-CC00294)    Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:25-cv-00525-LMC    Document 1-2    Filed 07/10/25    Page 87 of 108

**IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>WILLIAM B COLLINS | Case Number: 22CA-CC00294 |
| Plaintiff/Petitioner:<br>NATASHA MCGREW<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS JUSTIN DUDLEY<br>1824 N BLUE MILLS RD<br>INDEPENDENCE, MO 64058 |
| Defendant/Respondent:<br>EMMANUEL WILBOURN ET AL | Court Address:<br>Cass County Justice Center |
| Nature of Suit:<br>CC Other Tort | 2501 West Mechanic<br>HARRISONVILLE, MO 64701 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **EMMANUEL WILBOURN**
Alias:

**712 SECOND STREET**
**BELTON, MO 64012**

*COURT SEAL OF*

*CASS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

___11/9/2022___   /s/ Kim York, Circuit Clerk/clm
Date            Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
☐ other: _____.

Served at ___NON-EST_____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date            Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $___10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 22-SMCC-593**   1 of 1 (22CA-CC00294)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:25-cv-00525-LMC    Document 1-2    Filed 07/10/25    Page 88 of 108

**IN THE CIRCUIT COURT OF CASS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| NATASHA MCGREW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22CA-CC00294 |
| v. | ) | |
| | ) | |
| | ) | |
| CITY OF BELTON, Missouri, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REQUEST FOR ALIAS SUMMONS**

COMES NOW Plaintiffs, by and through undersigned counsel, and hereby request that an alias summons be issued for **Defendants City of Belton (Missouri), James Person, and Emmanuel Wilbourn** in the above-captioned cause of action for the reason that the original summons issued by the Court have now expired before service could be effectuated. The expiration of said summons was due to a clerical error at undersigned counsel's office and was not designed to impede the prosecution of the above-captioned cause of action or to prejudice Defendants.

WHEREFORE, Plaintiffs respectfully request that this Court issue an alias summons for **Defendants City of Belton (Missouri)** (serve at 500 Main Street, Belton, MO 64012)**, James Person** (serve at 500 Main Street, Belton, MO 64012)**, and Emmanuel Wilbourn** (serve at 712 Second Street, Belton, MO 64012) and for any such further relief the Court deems just and proper under the circumstances.

Page 1 of 2

Electronically Filed - CASS - June 04, 2025 - 02:54 PM

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

/s/ *Jeremy D. Hollingshead*
Jeremy D. Hollingshead, #60447
Nicholas J. Dudley, #62860
14323 S. Outer 40 Rd., Ste. 204N
Town & Country, Missouri 63017
Telephone:    (314) 480-5474
Facsimile:    (314) 667-4798
Email:        jhollingshead@hdtriallawyers.com
              ndudley@hdtriallawyers.com

ATTORNEYS FOR PLAINTIFFS



# Summons in Civil Case

IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| Judge or Division:<br>STACEY LETT | Case Number:  22CA-CC00294 | |
|---|---|---|
| Plaintiff/Petitioner:<br>NATASHA MCGREW<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS JUSTIN DUDLEY<br>1824 N BLUE MILLS RD<br>INDEPENDENCE, MO  64058 | |
| Defendant/Respondent:<br>EMMANUEL WILBOURN | Court Address:<br>CASS COUNTY JUSTICE CENTER<br>2501 WEST MECHANIC<br>HARRISONVILLE, MO  64701 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:**     CITY OF BELTON
**Alias:**

**500 MAIN ST**
**BELTON, MO  64012**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*CASS COUNTY*

| 04-JUN-2025 | KIM YORK/clm |
|---|---|
| Date | Clerk |

**Further Information:**

SJRC (12-24) SM30 (SMCC) *For Court Use Only:* Document ID # 25-SMCC-426  -1 of 2 (22CA-CC00294) – Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:25-cv-00525-LMC    Document 1-2    Filed 07/10/25    Page 91 of 108

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____    _____
Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____  _____
                                          Date                          Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (12-24) SM30 (SMCC) *For Court Use Only:* Document ID # 25-SMCC-426   2 of 2 (22CA-CC00294)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:25-cv-00525-LMC   Document 1-2   Filed 07/10/25   Page 92 of 108



# Summons in Civil Case

IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| Judge or Division:<br>STACEY LETT | Case Number: 22CA-CC00294 | |
|---|---|---|
| Plaintiff/Petitioner:<br>NATASHA MCGREW<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS JUSTIN DUDLEY<br>1824 N BLUE MILLS RD<br>INDEPENDENCE, MO 64058 | |
| Defendant/Respondent:<br>EMMANUEL WILBOURN | Court Address:<br>CASS COUNTY JUSTICE CENTER<br>2501 WEST MECHANIC<br>HARRISONVILLE, MO 64701 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:** **JAMES PERSON**
**Alias:**

**500 MAIN ST**
**BELTON, MO 64012**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**CASS COUNTY**

| 04-JUN-2025 | KIM YORK/clm |
|---|---|
| Date | Clerk |

**Further Information:**

SJRC (12-24) SM30 (SMCC) *For Court Use Only:* **Document ID # 25-SMCC-425** _1_ of 2 (22CA-CC00294) — Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4.25-cv-00525-LMC   Document 1-2   Filed 07/10/25   Page 93 of 108

# Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server              Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____  _____

                               Date                  Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (12-24) SM30 (SMCC) *For Court Use Only:* Document ID # 25-SMCC-425  2 of 2 (22CA-CC00294) – Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:25-cv-00525-LMC   Document 1-2   Filed 07/10/25   Page 94 of 108



# Summons in Civil Case

IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| Judge or Division:<br>STACEY LETT | Case Number: 22CA-CC00294 | |
|---|---|---|
| Plaintiff/Petitioner:<br>NATASHA MCGREW<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS JUSTIN DUDLEY<br>1824 N BLUE MILLS RD<br>INDEPENDENCE, MO 64058 | |
| Defendant/Respondent:<br>EMMANUEL WILBOURN | Court Address:<br>CASS COUNTY JUSTICE CENTER<br>2501 WEST MECHANIC<br>HARRISONVILLE, MO 64701 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:** **EMMANUEL WILBOURN**
                          **Alias:**

**712 SECOND STREET**
**BELTON, MO 64012**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**CASS COUNTY**

| 04-JUN-2025 | KIM YORK/clm |
|---|---|
| Date | Clerk |

**Further Information:**

SJRC (12-24) SM30 (SMCC) *For Court Use Only:* **Document ID # 25-SMCC-427** *-1 of 2 (22CA-CC00294) – Civil Procedure Form No. 1,* SCR 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4.25-cv-00525-LMC   Document 1-2   Filed 07/10/25   Page 95 of 108

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date)
at _____ (time).

_____          _____
Printed Name of Officer or Server                Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*     My commission expires: _____ _____
                                              Date                    Notary Public

**Service Fees (if applicable)**
Summons                          $_____
Non Est                          $_____
Sheriff's Deputy Salary
Supplemental Surcharge           $_____10.00____
Mileage                          $_____ (_____ miles @ $._____ per mile)
**Total**                        $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - CASS - June 04, 2025 - 02:59 PM



# Summons in Civil Case

IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| Judge or Division:<br>STACEY LETT | Case Number: 22CA-CC00294 | |
|---|---|---|
| Plaintiff/Petitioner:<br>NATASHA MCGREW<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS JUSTIN DUDLEY<br>1824 N BLUE MILLS RD<br>INDEPENDENCE, MO 64058 | |
| Defendant/Respondent:<br>EMMANUEL WILBOURN | Court Address:<br>CASS COUNTY JUSTICE CENTER<br>2501 WEST MECHANIC<br>HARRISONVILLE, MO 64701 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Other Tort | | |

The State of Missouri to: CITY OF BELTON
Alias:



500 MAIN ST
BELTON, MO 64012

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**CASS COUNTY**

| 22-JAN-2025 | KIM YORK/clm |
|---|---|
| Date | Clerk |

**Further Information:**

SJRC (10-24) SM30 (SMCC) *For Court Use Only*: Document ID # 25-SMCC-47    1 of 2 (22CA-CC00294) — Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4.25-cv-00525-LMC    Document 1-2    Filed 07/10/25    Page 97 of 108

Electronically Filed - CASS - June 04, 2025 - 02:59 PM

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode/permanent residence of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address) in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____  _____
                                              Date                        Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (10-24) SM30 (SMCC) *For Court Use Only:* **Document ID # 25-SMCC-47** - 2 of 2 *(22CA-CC00294)* – Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4.25-cv-00525-LMC    Document 1-2    Filed 07/10/25    Page 98 of 108



# Summons in Civil Case

IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| Judge or Division:<br>STACEY LETT | Case Number: 22CA-CC00294 | |
|---|---|---|
| Plaintiff/Petitioner:<br>NATASHA MCGREW<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS JUSTIN DUDLEY<br>1824 N BLUE MILLS RD<br>INDEPENDENCE, MO 64058 | |
| Defendant/Respondent:<br>EMMANUEL WILBOURN | Court Address:<br>CASS COUNTY JUSTICE CENTER<br>2501 WEST MECHANIC<br>HARRISONVILLE, MO 64701 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

The State of Missouri to:   JAMES PERSON
Alias:

**500 MAIN ST**
**BELTON, MO  64012**



You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**CASS COUNTY**

| 22-JAN-2025 | KIM YORK/clm |
|---|---|
| Date | Clerk |

**Further Information:**

SJRC (10-24) SM30 (SMCC) *For Court Use Only*: Document ID # 25-SMCC-16   1 of 2 (22CA-CC00294) – Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4.25-cv-00525-LMC    Document 1-2    Filed 07/10/25    Page 99 of 108

Electronically Filed - CASS - June 04, 2025 - 02:59 PM

Electronically Filed - CASS - June 04, 2025 - 02:59 PM

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode/permanent residence of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address) in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Officer or Server          Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____   _____
                                            Date                         Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (10-24) SM30 (SMCC) *For Court Use Only*: **Document ID # 25-SMCC-46** - 2 of 2 (22CA-CC00294) - Civil Procedure Form No. 1 - SCR 54.01 – 54.05, 54.13, and 54.20, 506.120 – 506.140, and 506.150 RSMo

Case 4:25-cv-00525-LMC    Document 1-2    Filed 07/10/25    Page 100 of 108



# Summons in Civil Case

IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| Judge or Division: STACEY LETT | Case Number:  22CA-CC00294 | |
|---|---|---|
| Plaintiff/Petitioner: NATASHA MCGREW                                     vs. | Plaintiff's/Petitioner's Attorney/Address NICHOLAS JUSTIN DUDLEY 1824 N BLUE MILLS RD INDEPENDENCE, MO  64058 | |
| Defendant/Respondent: EMMANUEL WILBOURN | Court Address: CASS COUNTY JUSTICE CENTER 2501 WEST MECHANIC HARRISONVILLE, MO  64701 | (Date File Stamp for Return) |
| Nature of Suit: CC Other Tort | | |

The State of Missouri to:   **EMMANUEL WILBOURN**
**Alias:**

**712 SECOND STREET**
**BELTON, MO  64012**



You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*

*CASS COUNTY*

| 22-JAN-2025 | KIM YORK/clm |
|---|---|
| Date | Clerk |

**Further Information:**

SJRC (10-24) SM30 (SMCC) *For Court Use Only*: **Document ID # 25-SMCC-48**   1 of 2 (22CA-CC00294)   Civil Procedure Form No. 1 - SCR 54.01 – 54.05, 54.13, and 54.20, 506.120 – 506.140, and 506.150 RSMo

Case 4:25-cv-00525-LMC   Document 1-2   Filed 07/10/25   Page 101 of 108

Electronically Filed - CASS - June 04, 2025 - 02:59 PM

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode/permanent residence of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____        _____
Printed Name of Officer or Server              Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on _____ (date).

*(Seal)*        My commission expires: _____ _____

                                          Date                     Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (10-24) SM30 (SMCC) *For Court Use Only*: **Document ID # 25-SMCC-48** – 2 of 2 (22CA-CC00294) – Civil Procedure Form No. 1 – SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:25-cv-00525-LMC   Document 1-2   Filed 07/10/25   Page 102 of 108

**IN THE CIRCUIT COURT OF CASS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| NATASHA MCGREW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22CA-CC00294 |
| v. | ) | |
| | ) | |
| | ) | |
| CITY OF BELTON, Missouri, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER**</u>

COMES NOW Plaintiff, by and through undersigned counsel, and hereby moves this Court for the approval and appointment of Robert Rowland as a private process server in the above-captioned cause of action. In support of said motion, Plaintiff states that Rowland is over the age of twenty-one, is not related to or an employee of the party requesting the appointment and is of good moral character.

WHEREFORE, Plaintiff prays this Court enter an Order appointing Robert Rowland as a private process server in the above-captioned cause of action.

Date: June 9, 2025

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

/s/ Nicholas Dudley
Nicholas J. Dudley, #62860

Jeremy D. Hollingshead, #60447
14323 S. Outer 40 Rd., Ste. 204N
Town & Country, Missouri 63017
Telephone:    (314) 480-5474
Facsimile:    (314) 667-4798
Email: ndudley@hdtriallawyers.com
        jhollingshead@hdtriallawyers.com

CO-COUNSEL FOR PLAINTIFF

Page 2 of 2

## IN THE CIRCUIT COURT OF CASS COUNTY
## STATE OF MISSOURI

**FILED**

06/09/2025

Kim York
CLERK, CIRCUIT COURT
CASS COUNTY

NATASHA MCGREW,            )
            )
            Plaintiff,      )
            )       Case No. 22CA-CC00294
        v.            )
            )
CITY OF BELTON, Missouri, et al.,    )
            )
            Defendants.   )

## ORDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff's

Motion for Approval and Appointment of Special Process Server is granted and Robert

Rowland is hereby approved and appointed to serve process as to all named Defendants

in the above captioned matter.


So ordered this __9TH__ day of June, 2025.


/s/ Kim York/clm
_____
Kim York

                                        Cass County Circuit Clerk

Electronically Filed - CASS - June 16, 2025 - 09:01 AM

## AFFIDAVIT OF SERVICE

| Case:<br>22CA-<br>CC00294 | Court:<br>IN THE 17TH JUDICIAL CIRCUIT COURT, CASS<br>COUNTY, MISSOURI | County:<br>CASS, MO | Job:<br>13495161 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>NATASHA MCGREW | | Defendant / Respondent:<br>EMMANUEL WILBOURN | |
| Received by:<br>Pente Legal Solutions - KC | | For:<br>Hollingshead & Dudley Trial Lawyers | |
| To be served upon:<br>CITY OF BELTON | | | |

I, Robert Rowland, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   JULIA PORTER - DEPUTY CITY CLERK, Company: 500 MAIN ST, BELTON, MO

Manner of Service:   Authorized, Jun 11, 2025, 9:35 am CDT

Documents:   SUMMONS AND PETITION

Additional Comments:
1) Successful Attempt: Jun 11, 2025, 9:35 am CDT at Company: 500 MAIN ST, BELTON, MO received by JULIA PORTER - DEPUTY CITY CLERK.

_____   6-11-25
Robert Rowland                  Date

Pente Legal Solutions - KC
1220 NE Beacon Ave
Lee's Summit, Mo 64086
8163478340

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public
6-11-25          1-24-26
Date          Commission Expires

THOMAS HADLEY
Notary Public - Notary Seal
State of Missouri
Commissioned for Jackson County
My Commission Expires: January 24, 2026
Commission Number: 22594917

Electronically Filed - CASS - June 16, 2025 - 09:01 AM

# AFFIDAVIT OF SERVICE

| Case:<br>22CA-<br>CC00294 | Court:<br>IN THE 17TH JUDICIAL CIRCUIT COURT, CASS<br>COUNTY, MISSOURI | County:<br>CASS, MO | Job:<br>13495119 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>NATASHA MCGREW | | Defendant / Respondent:<br>EMMANUEL WILBOURN | |
| Received by:<br>Pente Legal Solutions - KC | | For:<br>Hollingshead & Dudley Trial Lawyers | |
| To be served upon:<br>JAMES PEARSON | | | |

I, Robert Rowland, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   JULIA PORTER - DEPUTY CITY CLERK, Company: 500 MAIN ST, BELTON, MO

Manner of Service:   Authorized, Jun 11, 2025, 9:35 am CDT

Documents:   SUMMONS AND PETITION

Additional Comments:
1) Successful Attempt: Jun 11, 2025, 9:35 am CDT at Company: 500 MAIN ST, BELTON, MO received by JULIA PORTER - DEPUTY CITY CLERK.

_____   6-11-25
Robert Rowland                Date

Pente Legal Solutions - KC
1220 NE Beacon Ave
Lee's Summit, Mo 64086
8163478340

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public

6-11-25                     1-24-26
Date            Commission Expires

THOMAS HADLEY
Notary Public - Notary Seal
State of Missouri
Commissioned for Jackson County
My Commission Expires: January 24, 2026
Commission Number: 22594917

AFFIDAVIT OF SERVICE

| Case: 22CA-CC00294 | Court: IN THE 17TH JUDICIAL CIRCUIT COURT, CASS COUNTY, MISSOURI | County: CASS, MO | Job: 13495189 |
|---|---|---|---|
| Plaintiff / Petitioner: NATASHA MCGREW | | Defendant / Respondent: EMMANUEL WILBOURN | |
| Received by: Pente Legal Solutions - KC | | For: Hollingshead & Dudley Trial Lawyers | |
| To be served upon: EMMANUEL WILBOURN | | | |

I, Robert Rowland, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  DUSTY WINKLER - SPOUSE/RESIDENT, Company: 712 SECOND STREET, BELTON, MO

**Manner of Service:**  Substitute Service - Abode, Jun 11, 2025, 9:05 pm CDT

**Documents:**  SUMMONS AND PETITION

**Additional Comments:**
1) Successful Attempt: Jun 11, 2025, 9:05 pm CDT at Company: 712 SECOND STREET, BELTON, MO received by DUSTY WINKLER - SPOUSE/RESIDENT.

_____  _____
Robert Rowland               Date

Pente Legal Solutions - KC
1220 NE Beacon Ave
Lee's Summit, Mo 64086
8163478340

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
Notary Public

_____    _____
Date                Commission Expires

THOMAS HADLEY
Notary Public - Notary Seal
State of Missouri
Commissioned for Jackson County
My Commission Expires: January 24, 2026
Commission Number: 22594917